**Kevin Earl GREER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05-88-00980-CR.**

Court of Appeals of Texas, Dallas.

Nov. 14, 1989.

John D. Nation, Dallas, for appellant.

Kevin Earl Greer, pro se.

Yolanda M. Jootsen, Dallas, for appellee.

Before WHITHAM, BAKER and OVARD, JJ.

## OPINION

OVARD, Justice.

Kevin Earl Greer appeals his probation revocation after which he was sentenced to five years' confinement. The single issue raised by Greer concerns whether the evidence was sufficient to support the allegations in the State's motion to revoke his probation. For the reasons discussed below, we affirm the trial court's judgment.

Greer was on felony probation when a motion to revoke was filed which alleged that Greer had violated condition (a)[1] by "unlawfully, knowingly, and intentionally [possessing] a controlled substance, to wit: COCAINE, in an amount less than 28

grams with intent to deliver." In support of the revocation order, the State presented evidence that Greer, who was a juvenile, and a sixteen-year-old male companion were awakened and arrested by police officers at 10:00 a.m. in a vacant apartment. Greer and his companion were trespassing and two guns were found in close proximity to them. A plastic bag containing eight capsules and four small baggies of "crack" cocaine were removed from Greer's pocket.

Greer maintains that the State must prove every element of the offense relied upon as the basis for his revocation by a preponderance of the evidence. *Grant v. State*, 566 S.W.2d 954, 956 (Tex.Crim.App. 1978). He argues that, although the motion to revoke charged him with possessing cocaine with the intent to deliver, the evidence was insufficient to prove his intent to deliver. He therefore concludes that the trial court improperly revoked his probation.

Although we agree that the evidence was insufficient to establish his intent to deliver, we hold that the trial court did not abuse its discretion in revoking Greer's probation. In passing on sufficiency of the evidence, we view the evidence in the light most favorable to the trial court's finding. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim.App.1979). The burden of proof in a probation revocation hearing is by a preponderance of the evidence. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); *Kulhanek v. State*, 587 S.W.2d 424, 426 (Tex.Crim.App.1979). At these hearings, the trial judge is the sole trier of facts, the credibility of witnesses, and the weight to be given to the testimony. *Battle v. State*, 571 S.W.2d 20, 21 (Tex.Crim. App.1978).

In determining whether the evidence established intent to deliver, we consider the quantity of drugs involved, the type of packaging, the amount of money in appellant's possession, and any other facts from which delivery may be inferred. *See Haw-*

---

1. Condition (a) required that the defendant commit no offense against the laws of this State or the United States.

kins v. State, 687 S.W.2d 48, 50 (Tex.App. —Dallas 1985, pet. ref'd); Turner v. State, 681 S.W.2d 849, 850 (Tex.App.—Dallas 1984, pet. ref'd). The amount of cocaine found in Greer's pocket included eight capsules and four small baggies, which were all contained in a plastic bag. The total weight of the cocaine was 197 milligrams. There was no evidence that this amount was enough to indicate it was for delivery rather than for personal use. There was no evidence that Greer was or was not a drug user. There was no evidence from which one could infer an intent to deliver based upon the way the drugs were packaged. Money was not discussed during the hearing. Considering the above, we cannot say that this evidence established, by a preponderance of the evidence, Greer's intent to deliver.

■ The State argues that the two guns, the absence of drug paraphernalia, and the vacant apartment support the inference of delivery. However, there was no evidence concerning what paraphernalia, if any, was required to ingest this cocaine. Neither was there testimony, expert or otherwise, as to how these facts indicate an intent to deliver. Thus, we can only speculate as to why Greer possessed the drugs. Since the evidence is as consistent with the inference that Greer possessed the drugs for personal use as it is that he possessed them with the intent to deliver, we determine that the State failed to prove Greer's intent to deliver. See Turner, 681 S.W.2d at 850.

■ This conclusion, however, does not end our inquiry because although we have determined that the evidence was insufficient to prove the greater offense alleged in the motion to revoke, it was sufficient to prove a lesser included offense. We recognize the general rule that an offense must be proved as alleged. However, when an indictment alleges an offense which includes a lesser one, the accused may be tried and convicted of such lesser offense. See Adams v. State, 697 S.W.2d 843, 844 (Tex.App.—Houston [1st Dist.] 1985, no pet.); Turner, 681 S.W.2d at 850; TEX.CODE CRIM.PROC.ANN. arts. 37.08, 37.09 (Vernon 1981); 2 C. TORCIA, WHARTON CRIMINAL PRO-

CEDURE § 292 (12th ed. 1975). By comparison, the pleadings of a motion to revoke probation involve a lesser standard than the requirements of an indictment, and it is enough if such pleadings give the defendant fair notice of allegations against him so that he may prepare a defense. Fowler v. State, 509 S.W.2d 871, 873 (Tex.Crim. App.1974).

■ Since an accused may be tried and convicted of a lesser included offense other than that alleged in an indictment, we conclude that a probationer is likewise accountable for lesser offenses included within the offense alleged in the motion to revoke. Having reached this conclusion, we now determine whether the evidence was sufficient to support such a lesser included offense. The offense alleged was possession of cocaine with the intent to deliver. Possession of a controlled substance is the quintessential lesser included offense of the crime of possession with intent to deliver. See Turner, 681 S.W.2d at 850; TEX.CODE CRIM.PROC.ANN. art. 37.09 (Vernon 1981). Here, it is undisputed that the cocaine was found in Greer's left front pocket; thus, the evidence is overwhelming that Greer possessed the cocaine. See Barnes v. State, 467 S.W.2d 437, 440 (Tex. Crim.App.1971); Reid v. State, 749 S.W.2d 903, 905 (Tex.App.—Dallas 1988, pet. ref'd); Bucklin v. State, 634 S.W.2d 44, 46–7 (Tex. App.—Beaumont 1982, no pet.).

An abuse of discretion standard is applied in the appellate review of an order revoking probation. Cardona, 665 S.W.2d at 493–94. The findings of the trial court should not be reversed unless a clear abuse of discretion is shown. Hale v. State, 694 S.W.2d 212, 215 (Tex.App.—Houston [1st Dist.] 1985, no pet.); Morris v. State, 658 S.W.2d 770, 772 (Tex.App.—Beaumont 1983, no pet.). The State proved the lesser offense of possession of cocaine. The trial court found that Greer violated condition (a), in that he committed an offense, as alleged in the motion. Because we determine that the evidence was sufficient to support the trial court's finding, we hold that there was no abuse of discretion. See Cardona, 665 S.W.2d at 493–94. Greer's

point of error is overruled and the judgment of the trial court is affirmed.