Marcus ALVA, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–89–00815–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 30, 1990.

Allen C. Isbell, Houston, for appellant.

Mary Lou Keel, Houston, for appellee.

Before ROBERTSON, SEARS and
DRAUGHN, JJ.

OPINION

DRAUGHN, Justice.

This is an appeal from an order revoking probation. The offense is theft. TEX.PENAL CODE ANN. § 31.03(e)(4)(A). The punishment is imprisonment for eight years. As reformed, we affirm the judgment of the trial court.

In his sole point of error, appellant contends that the trial court abused its discretion by revoking his probation because the evidence does not establish that appellant prevented and obstructed an arrest *and* search of himself by a Houston city marshal.

The evidence at the hearing on the motion to revoke probation shows that on March 22, 1988, C.L. Greene, a Houston city marshal, and his partner attempted to arrest appellant on seventeen traffic warrants. Appellant and his brother began struggling with the officers. Eventually, five officers were required to effectuate the arrest, which took approximately thirty minutes. There was no evidence that the officers ever attempted to search appellant. Appellant now contends there is a failure of proof in that it was not shown he prevented or obstructed a search. He does not contest the sufficiency of the evidence to prove he prevented or obstructed his arrest.

The standard of proof in a revocation of probation proceeding is preponderance of the evidence. *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App.1983). The only question presented on appeal is whether the trial court abused its discretion in revoking the appellant's probation. *Id.* The State asks the Court to hold that it can reasonably be inferred that a search will be part and parcel of an arrest. This would require the Court to engage in speculation, which we refuse to do.

The situation in the instant case is analogous to the one in *Greer v. State*, 783 S.W.2d 222 (Tex.App.—Dallas, 1989, no pet.) In *Greer*, the motion to revoke probation alleged that the defendant violated his probation by committing the offense of possessing a controlled substance, cocaine, with intent to deliver. The evidence failed to show intent to deliver the cocaine. Nevertheless, since the evidence was sufficient to show the defendant violated his probation by committing a lesser included offense of the one charged, simple possession of cocaine, the Dallas court held the evidence was sufficient to support the revocation of appellant's probation. 783 S.W.2d at 224.

In the instant case, there is a completed offense and appellant is subject to revocation of his probation whether he prevented or obstructed an arrest *or* a search. The State may anticipate variances in the proof by pleading alternative "manner and means" in the conjunctive when proof of any one "manner and means" will support a guilty verdict. See *Zanghetti v. State*, 618 S.W.2d 383 (Tex. Crim.App.1981) (panel opinion). By so pleading, the State does not bind itself to proving any larger quantum of proof than the statute in question requires. *See Lehman v. State*, 792 S.W.2d 82, 84–85 (Tex. Crim.App.1990). Where the proof shows commission of an offense by any one of the "manner and means" alleged in the motion to revoke, no fatal variance between pleading and proof will be found. *See Garrett v. State*, 619 S.W.2d 172, 174 (Tex.Crim. App.1981) (panel opinion); *Bradley v. State*, 608 S.W.2d 652, 655 (Tex.Crim.App. 1980).

The proof in the instant case clearly shows that appellant prevented and obstructed his arrest. Thus, the trial court did not abuse its discretion in revoking his probation. We overrule appellant's sole point of error.

Since the evidence is not sufficient to show appellant obstructed or prevented a search, the trial court erred in so holding. The error is such as may be corrected by the judge of the trial court, however, so reversal is not required. TEX.R.APP.P. 81(a). The trial judge is directed to correct the error by deleting from the judgment revoking probation the finding that appellant obstructed and prevented a search of himself by the arresting officer.

Accordingly, we affirm the judgment of the trial court as reformed.