Shook v. Vaughan 






NO. 10-90-152-CV

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          JAMES R. SHOOK,
                                                                                            Appellant
          v.

          R. L. VAUGHAN, ET AL,
                                                                                            Appellees

* * * * * * * * * * * * *

 From 82nd Judicial District Court
Falls County, Texas
Trial Court # 30,308

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          James Shook, appellant, was temporarily enjoined from communicating with, threatening
or contacting appellees, R. L. Vaughan and Sandra Shook. The order granting the temporary
injunction is void because it fails to set forth the reasons for its issuance or to set the underlying
cause for a trial on the merits. See Tex. R. Civ. P. 683; InterFirst Bank San Felipe v. Paz
Construction Company, 715 S.W.2d 640, 641 (Tex. 1986). 
          Accordingly, the order granting the temporary injunction is reversed, the temporary
injunction is dissolved, and the cause is remanded for further proceedings. 
                                                                                 BOB L. THOMAS                                                                                               Chief Justice

Before Chief Justice Thomas,
          Chief Justice McDonald (Retired),
          and Justice James (Retired)
Reversed and remanded
Opinion delivered and filed April 4, 1991
Do not publish



 apprehended, Price was sentenced to 60 years and a $3,000 fine
and 20 years and a $2,000 fine, respectively. Price now appeals those convictions and brings
two issues for review.
Double Jeopardy
      Due to the nature of the argument supporting his first issue, we construe Price’s complaint
to be one of a violation of the double jeopardy provisions of the United States and Texas
Constitutions requiring reversal of his conviction. Price was charged in one indictment with
possession with the intent to deliver cocaine (Count One) and possession of cocaine (Count
Two) under the Health and Safety Code. Tex. Health & Safety Code Ann. §§ 481.112(a),
(d) & 481.115(a), (d) (Vernon Supp. 2000). 
Applicable Law
      Possession of cocaine is a lesser-included offense of possession with intent to deliver
cocaine, and double jeopardy will not bar prosecution for both offenses if separate quantities of
cocaine are identified for each offense. Smith v. State, 873 S.W.2d 773, 775 (Tex. App.—Fort
Worth 1994, no pet.); Greer v. State, 783 S.W.2d 222, 224 (Tex. App.—Dallas 1989, no
pet.). However, in Price’s trial, the State admits that the evidence brought forth did not
indicate that the cocaine alleged in Count One was a different quantity than that alleged in
Count Two. The State acknowledges that in this case it should have elected the offense on
which it would proceed or that the trial court should have instructed the jury that it could
convict on only one of the offenses. We agree. Because there was evidence of only the
possession with intent to deliver cocaine offense committed by Price, the State was not entitled
to seek or obtain a conviction for the two offenses alleged. Ochoa v. State, 982 S.W.2d 904,
908 (Tex. Crim. App. 1998). 
      When there has been an impermissible conviction of a defendant of a greater offense and a
lesser-included offense, the proper remedy is to reform the judgment by vacating the lesser
conviction and sentence. Id.; Pena-Mota v. State, 986 S.W.2d 341, 349 (Tex. App.—Waco
1999, no pet.). The lesser conviction and sentence is the one Price received under Count Two. 
Possession of cocaine is a second degree felony, and Price received a sentence of 20 years;
whereas, possession with the intent to deliver cocaine is a first degree felony, and Price
received a sentence of 60 years. See Tex. Health & Safety Code Ann. §§ 481.112(a), (d)
& 481.115(a), (d) (Vernon Supp. 2000). Accordingly, Price’s first issue is sustained, and we
vacate and set aside the lesser conviction for possession of cocaine as alleged in Count Two of
the indictment.
Mistrial/Continuance
      In his second issue, Price contends that the trial court erred in denying his motion for
mistrial and his motion for continuance. Both motions were based on the State’s failure to
conduct and provide the results of fingerprint analysis incriminating Price until after the voir
dire examination had been completed. Price reasoned a mistrial was required because the State
had had the items examined in its possession for over one year and had waited to check for his
fingerprints on them until after the trial had begun. The trial court denied his motion.
      In his brief, Price presents no authority to support his position that the trial court erred in
denying his motion for mistrial, as is required by the Rules of Appellate Procedure. Tex. R.
App. P. 38.1(h). Thus, this portion of his second issue is inadequately briefed and presents
nothing for review. Dunn v. State, 951 S.W.2d 478, 480 (Tex. Crim. App. 1997).
      After the denial of his motion for mistrial, Price asked the trial court for a continuance so
the fingerprint evidence could be examined and tested. He requested a two week to 30 day
continuance. The trial court granted a 24 hour continuance and the funds necessary to obtain
an expert to examine and compare the fingerprint evidence. Price initially agreed with this
amount of time and informed the trial court that he would ask for more time if necessary. 
Shortly thereafter, Price revisited the issue and requested a 48 hour continuance, but the trial
court reiterated its 24 hour ruling. When the trial resumed the next day, there was no request
for more time to examine and test the evidence.
      A continuance may be granted after a trial has begun “when it is made to appear to the
satisfaction of the court that by some unexpected occurrence since the trial began, which no
reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial
cannot be had.” Tex. Code Crim. Proc. Ann. art. 29.13 (Vernon 1989). A continuance
may be only for as long as is necessary. Id. art. 29.03. The trial court granted Price’s
continuance, but not for the amount of time he initially requested. The court reasoned that if
the State could discover the fingerprint and compare it to Price’s fingerprints within 24 hours,
Price could obtain an expert and test the evidence within the same time frame. When the trial
resumed the next day, Price did not request any additional time to examine the evidence. Price
raises no other complaint in his brief about the admission of the fingerprint evidence. We can
only conclude, therefore, that the continuance was granted only for as long as was necessary. 
No error occurred in continuing the trial for 24 hours rather than for 48 hours to 30 days as
was requested. Price’s second issue is overruled.
Conclusion
      Having sustained Price’s first issue and overruled his second issue, we reform the
judgment to delete the conviction for the lesser offense of possession of cocaine, and, as
reformed, the judgment is affirmed. 


                                                             TOM GRAY
                                                             Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed as reformed
Opinion delivered and filed February 23, 2000
Publish