In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00035-CR
______________________________


BRIAN H. VALENTINE, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 21,497-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            On July 14, 1994, Brian H. Valentine waived a jury trial and pled guilty to theft of United
States currency worth at least $20,000.00, but less than $100,000.00. The trial court accepted
Valentine's plea and assessed his punishment at ten years' imprisonment; the court then suspended
imposition of that punishment and placed Valentine on community supervision for a period of ten
years. During much of the time since, Valentine lived in Angelina County, Texas, and worked for
Wesco Distribution, Inc.
            On November 26, 2003, the State filed an application to revoke Valentine's community
supervision. The motion asserted Valentine had violated the terms of his supervision by committing
a new criminal offense—more specifically, that
on or about November 12, 2003, in Angelina County, Texas, [Valentine] did then and
there unlawfully appropriate, by acquiring or otherwise exercising control over,
property, to-wit: merchandise and services, of the value of $200,000.00 or more
from Wesco Distribution, the owner thereof, with intent to deprive the owner of the
property.
 
Valentine's then-counsel of record, Jerry Whitaker, sought to withdraw on January 23, 2004. Three
days later, the trial court approved the substitution of Clement Dunn as Valentine's counsel of record. 
Two days later, Valentine moved to quash the State's application to revoke his community
supervision because:
The application fails to specify what item or items were taken on or about specific
dates. It fails to include specific values or value ranges for the items alleged. It fails
to describe the manner and means associated with the taking of each item. The
application fails to set forth sufficient detail to place the Defendant on notice of what
act or acts he committed in violation of his probation. Insufficient notice is given for
purposes of preparing any meaningful defense.
 
            The next day, the trial court heard argument on Valentine's motion to quash, after which the
court denied Valentine's motion. The trial court then heard evidence and argument on the State's
motion to revoke. At the conclusion of the hearing on the State's motion to revoke, the trial court
found Valentine had committed a new criminal offense, granted the motion to revoke, and imposed
on Valentine the original sentence of ten years' imprisonment. Valentine now appeals.
I.         Did the Trial Court Err By Denying Valentine's Motion To Quash? 
            In his first point of error, Valentine contends the trial court erred by denying his motion to
quash the State's motion to revoke because, according to Valentine, the State's motion did not
provide adequate notice of the accusation against him and, therefore, violated his Due Process rights. 
More specifically, Valentine asserts the motion was deficient because (1) it provided a single offense
date, yet the State's proof at the revocation hearing concerned transactions over a period of several
years, and (2) the State's motion did not specify the kinds, amounts, or values of the properties or
service(s) taken.
A.        The Standard of Review.
            In reviewing a trial court's denial of a motion to quash a motion to revoke community
supervision that alleges a new criminal offense, we first determine whether the State's motion to
revoke lacked some requisite item of notice. Labelle v. State, 720 S.W.2d 101, 108 (Tex. Crim.
App. 1986).


 If we determine that motion did lack some required item of notice, we next "decide
whether in the context of the case this [deficiency] had an impact on the defendant's ability to prepare
a defense." Id. If the deficiency did impact the defendant's ability to prepare a defense, we must then
determine the extent of that impact. Id.
B.        The Motion Provided Inadequate Notice, but Valentine Has Failed To Show Harm.
1.         The State's Motion To Revoke Community Supervision Does Not Provide Adequate
Notice.

            In Labelle, 720 S.W.2d at 102–03, the State alleged (in its motion to revoke supervision)
Labelle had committed a new criminal offense by removing and destroying a governmental record. 
The State's motion did not further describe that governmental record. On appeal, the Texas Court
of Criminal Appeals held the State's motion failed to provide sufficient notice "in respect to
specificity of the governmental record in question," and, therefore, the trial court erred by overruling
Labelle's exception to the State's revocation motion. Id. at 106.
            In the case now before this Court, the State's motion did not describe what "merchandise or
services" were allegedly stolen by Valentine. Such a description would be necessary for Valentine
to defend himself against the State's case, especially in light of the complexity of Valentine's alleged
embezzlement that was suggested at the revocation hearing.


 Accordingly, we hold the trial court
erred by denying Valentine's motion to quash the State's motion to revoke. Valentine has, therefore,
met the first prong of the Adams-Labelle analysis. Cf. Labelle, 720 S.W.2d at 108.
            Valentine also argues the motion to revoke did not allege specific dates of the alleged
violations. William C. Coe, senior corporate security specialist for Wesco, testified he investigated
an allegation of fraud at Wesco in Lufkin related to Valentine. Coe determined Wesco had been
defrauded of in excess of $358,000.00 between 1999 and March 2003. The application to revoke
community supervision alleges that, "on or about November 12, 2003," Valentine "unlawfully
appropriate[d] . . . property . . . ." This allegation clearly shows a violation occurred during a time
anterior to the filing of the motion and during the period of community supervision. See Diaz v.
State, 516 S.W.2d 154 (Tex. Crim. App. 1974). The burden of proving the date alleged in a motion
to revoke is comparable to that of a date in an indictment except that the requirement for pleading
in a revocation proceeding is less strict than for an indictment. Chreene v. State, 691 S.W.2d 748,
750 (Tex. App.—Texarkana 1985, pet. ref'd) (citing Fowler v. State, 509 S.W.2d 871 (Tex. Crim.
App. 1974); Flores v. State, 664 S.W.2d 426 (Tex. App. —Corpus Christi 1983, no pet.); Martinez
v. State, 635 S.W.2d 762 (Tex. App. —Corpus Christi 1982, no pet.)). When an "on or about" date
is alleged as the date of the commission of the offense, the State is not bound by the date alleged,
and proof that the offense was committed any time before the return of the charging instrument that
is within the period of limitations is sufficient. Chreene, 691 S.W.2d at 750 (citing Ex parte Hyett,
610 S.W.2d 787 (Tex. Crim. App. 1981)). We believe that the allegation as to the date is in accord
with the above authorities.
2.         The Record Does Not Show the State's Deficient Notice Affected Valentine's Ability To
Prepare a Defense at the Revocation Hearing.

            Wesco terminated Valentine's employment in March 2003. Wesco then began investigating
Valentine's activities while he was a manager. That investigation led Wesco officials to contact the
Lufkin Police Department about bringing theft charges against Valentine. Later, the State filed a
motion to revoke Valentine's community supervision based on the same charges.
            Valentine's subsequent November 2003 arrest (which was made pursuant to the State's
revocation motion in the case now on appeal) occurred in the office of his Gregg County community
supervision officer. From the time of that arrest until the time of the revocation hearing, Valentine
remained incarcerated in Gregg County's jail.


 At the revocation hearing, Valentine's trial counsel
effectively cross-examined each of the State's witnesses, even though counsel had been hired but a
few days before the revocation hearing. Neither Valentine nor his counsel requested additional time
to prepare for the revocation hearing, nor did Valentine suggest that, absent further clarification of
the State's motion to revoke, Valentine would be unable to proceed with the hearing; in fact, when
the trial court asked if Valentine was ready for the hearing on the State's motion, Valentine's counsel
answered, "Your Honor, we're here and ready." Valentine also called as a witness his current
employer, who had driven to Longview from Lumberton, Texas, in order to testify and who
expressed a willingness to have Valentine return to his employment. And, at the conclusion of the
hearing, Valentine's counsel argued that the State's (admissible) evidence was insufficient to prove
Valentine stole services or merchandise worth over $200,000.00. 
            These factors all suggest the State's deficient motion did not affect Valentine's ability to
prepare a defense. Moreover, Valentine's brief on appeal has made no effort "to suggest any way in
which his ability to prepare a defense was hampered by failure of the motion to revoke to reflect"
what merchandise or services were unlawfully appropriated. Cf. Labelle, 720 S.W.2d at 109. 
Accordingly, we conclude, based on our review of the record, that Valentine has not satisfied the
second prong of the Adams-Labelle analysis. We, therefore, overrule Valentine's first point of error.
II.       Did the Trial Court Err by Admitting Documents Pursuant To the Business Records
Exception to the Hearsay Rule, and Was the Evidence Otherwise Sufficient To Support
the Trial Court's Revocation of Community Supervision?

            In his second point of error, Valentine contends the trial court erred by overruling his hearsay
objections to the admission of several of the State's documentary exhibits. Valentine's third point
of error challenges the sufficiency of the (properly admissible) evidence to support the trial court's
judgment. Both issues are interrelated; we will, therefore, review them together.
            Assuming, without so deciding, that the trial court erred by admitting all of the objectionable
State's documentary exhibits pursuant to the business records exception, see Tex. R. Evid. 803(6),
we would then need to determine whether Valentine was harmed by such error. See Broderick v.
State, 35 S.W.3d 67, 74 (Tex. App.—Texarkana 2000, pet. ref'd). The erroneous admission of
hearsay is nonconstitutional error, id., which will not result in reversal of a criminal conviction if the
reviewing court has fair assurance that the error did not influence the fact-finder or had but a slight
effect. Id. (citing Tex. R. App. P. 44.2(b); Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App.
1998)). 
            Even if we agree with Valentine's contention that the trial court erred by admitting the
documents over his hearsay objections, we would still need to determine whether the State's properly
admissible evidence was sufficient to support the trial court's judgment. With this in mind, we now
turn to whether any of the unobjected-to evidence supports the trial court's judgment. If the answer
to that question is "yes," then we must find that the arguably erroneous admission of the remaining
evidence had no effect, or had but a slight effect, on the trial court's judgment.
A.        The Standard of Review.
            At a community supervision revocation hearing, the trial court is the sole trier of fact and is
the final arbiter of the credibility of witnesses, as well as being the one that determines what weight
is to be given each witness' testimony. Battle v. State, 571 S.W.2d 20, 21 (Tex. Crim. App. [Panel
Op.] 1978). We review a trial court's order revoking community supervision for abuse of discretion. 
Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). "In making this determination, we
examine the evidence in a light most favorable to the verdict." In re B.J., 100 S.W.3d 448, 451 (Tex.
App.—Texarkana 2003, no pet.) (citing Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App.
1981)). 
            The standard of proof in a revocation of community supervision proceeding is
"preponderance of the evidence." Alva v. State, 797 S.W.2d 957, 958 (Tex. App.—Houston [14th
Dist.]), pet. ref'd, 799 S.W.2d 765 (Tex. Crim. App. 1990) (per curiam). "[W]hen an indictment
alleges an offense which includes a lesser one, the accused may be tried and convicted of such lesser
offense." Greer v. State, 783 S.W.2d 222, 224 (Tex. App.—Dallas 1989, no pet.). "Since an
accused may be tried and convicted of a lesser included offense other than that alleged in an
indictment, we conclude that a probationer is likewise accountable for lesser offenses included
within the offense alleged in the motion to revoke." Id. Accordingly, if the evidence is sufficient
to support a lesser offense of theft over $200,000.00, then the trial court did not err by revoking
Valentine's community supervision.
B.        The Evidence Is Sufficient To Support the Trial Court's Finding that Valentine Had
Committed the Offense of Theft.

            At the revocation hearing, Coe testified he saw Valentine and another individual steal from
the company's Lufkin offices two golf carts owned by Wesco. Valentine neither challenged this
testimony at trial, nor does he challenge that testimony on appeal. 
            In 1971, the Texas Court of Criminal Appeals reviewed a trial court's decision to revoke the
probation of Robert Thomas Barnes. See Barnes v. State, 467 S.W.2d 437 (Tex. Crim. App. 1971). 
Barnes was placed on probation for burglary of a motor vehicle in September 1969. Id. Less than
six months later, the State filed a motion to revoke Barnes' probation; the State's motion alleged
Barnes had committed a new criminal offense, which the State alternatively pled as either (a) theft
of a property (a motorcycle) valued at more than $50.00 or (b) unlawful use of a motor vehicle
valued at more than $200.00. Id. at 437–38. At the hearing on the State's motion, the trial court
found the State had satisfied its burden of proof for the motion to revoke, even though the State had
offered no evidence of the motorcycle's value. Id. at 438–40. On appeal, the Texas Court of
Criminal Appeals affirmed the trial court's judgment.
            As to the value of the motorcycle; true, the state, in the motion to revoke
probation alleged that the appellant committed felony offenses. The proof shows
only an offense against the laws of this state, i.e. the theft of a motorcycle and the
value is not shown to exceed fifty dollars. It is evident that there was "poor pleading"
or "poor proving," either of which is certainly not to be commended. Nevertheless,
we conclude that the said motorcycle had [s]ome value.
 
Id. at 440.
            In the case now on appeal, the only evidence of the monetary value of the golf carts is found
in the business records to which Valentine objected. Coe neither testified as to the current value of
these golf carts, nor did the State cross-examine Valentine regarding the carts' value. Nevertheless,
the Texas Court of Criminal Appeals' opinion in Barnes counsels that we may presume these golf
carts had "[s]ome" value. We believe, given the facts of this case, such a presumption is fair because
the record before us includes a photograph of these golf carts, and that photograph was admitted into
evidence without objection from Valentine. The photograph in question shows two E-Z-Go carts
with weatherproof tops and glass windshields, and all equipment appears to be in good condition. 
            The remainder of Coe's unobjected-to testimony regarding the golf carts is sufficient to
establish the remaining elements necessary to prove a theft of property under Tex. Pen. Code Ann.
§ 31.03 (Vernon Supp. 2004–2005) (that Valentine unlawfully appropriated property [golf carts]
belonging to Wesco). Theft of property valued at less than $50.00 is a class C misdemeanor,
punishable by a fine of up to $500.00, Tex. Pen. Code Ann. § 31.03(e)(1) (theft of property under
$50.00 is class C misdemeanor); Tex. Pen. Code Ann. § 12.23 (Vernon 2003) (punishment for class
C misdemeanor), and is a lesser-included offense of theft of property valued at greater than
$200,000.00. Cf. Watson v. State, 923 S.W.2d 829, 832 (Tex. App.—Austin 1996, pet. ref'd)
(reforming conviction to lesser-included offense based on sufficiency of evidence to prove only
class B theft rather than class A theft). 
            Based on the Texas Court of Criminal Appeals' opinion in Barnes, we hold that the State's
evidence is sufficient to support the trial court's judgment. Cf. Albritton v. State, 680 S.W.2d 80, 81
(Tex. App.—Fort Worth 1984, no pet.) (subsequent conviction for speeding sufficient basis to
revoke community supervision). Accordingly, we cannot say the trial court erred by revoking
Valentine's community supervision.
            We overrule Valentine's second and third points of error and affirm the trial court's judgment.



                                                                        Jack Carter
                                                                        Justice

Date Submitted:          January 21, 2005
Date Decided:             February 4, 2005

Do Not Publish