In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00021-CV
______________________________


CHARLES TUNCLE, Appellant
 
V.
 
ROOSEVELT JACKSON, Appellee


                                              

On Appeal from the County Court at Law No. III
Smith County, Texas
Trial Court No. 50,020-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            The County Court at Law held it lacked subject-matter jurisdiction over Charles Tuncle's suit
against Roosevelt Jackson for forcible entry and detainer. The trial court then dismissed the case for
want of jurisdiction. Tuncle appeals and raises two points of error.


 For the reasons set forth below,
we affirm the trial court's judgment.
I. Factual and Procedural Background
            On August 24, 2004, Tuncle sued to evict Jackson from land located in Smith County, Texas. 
See Tex. Prop. Code Ann. §§ 24.001–.008 (Vernon 2000). The suit was filed in the Justice Court
for Precinct 5 of that county. See Tex. R. Civ. P. 738–755; Tex. Civ. Prac. & Rem. Code Ann.
§ 15.011 (Vernon 2002). The justice court subsequently entered a judgment of dismissal in favor
of Jackson on September 7. Six days later, Tuncle appealed to the County Court at Law No. III of
Smith County. 
            On appeal, the county clerk mailed via certified mail notices of the appeal to both Tuncle and
Jackson. Both certified mail return receipts were returned to the clerk. Tuncle's notice was sent to,
and received by, Tuncle's attorney of record. Jackson's notice, however, was sent to him personally,
even though the record showed Jackson was represented by counsel at the proceedings in the justice
court. On October 25, the county court at law found Jackson had failed to file a written answer to
Tuncle's petition after having been "duly and properly advised by the Smith County Clerk of the
Notice of Appeal and the requirement to file written answer pursuant to Rule 751 of the Texas Rules
of Civil Procedure . . . ." The court then awarded a default judgment in Tuncle's favor. 
            On November 1, 2004, Jackson's attorney (the same attorney who had represented Jackson
in the justice court) filed a motion to set aside the default judgment. The motion alleged Jackson had
not, in fact, received proper notice because the clerk had not sent notice of the appeal to Jackson's
counsel of record. The trial court heard argument on Jackson's motion November 10, 2004, and
thereafter set aside the default judgment. 
            Jackson then moved to dismiss the suit for want of subject-matter jurisdiction. Jackson
argued that justice courts have jurisdiction over forcible entry and detainer suits until a genuine fact
issue arises regarding title. According to Jackson's argument, when an issue regarding title arises,
the justice court loses jurisdiction and an action for trespass to try title must be submitted to a Texas
district court. See also Tex. R. Civ. P. 746.
            Jackson submitted evidence consisting of two certified documents from the Smith County
Clerk's office: (1) a warranty deed transferring title of the property in question from Patricia Johnson
to Jackson on September 8, 1982; and (2) a warranty deed, dated December 8, 1988, from Hazel
Johnson to Tuncle transferring title of a smaller portion of the same property in question. The
Jackson deed concerned property described as:
Undivided interest in 160 acres out of the W.P. Stapp Survey, Smith County, Texas,
Abstract No. 944, and being more particularly described as follows, to wit: 
BEGINNING at the North East corner of said Survey; THENCE West 367 Vrs;
THENCE South about 1242 vrs. to corner of said tract; THENCE South 79 W. 761
vrs. to West side of said Headright; THENCE South about 300 vrs. to corner of said
tract; THENCE East about 848 vrs. to E. line of said Survey; THENCE North to
inner N.W. corner of said East line; THENCE East 280 vrs. to East outer line of said
headright; THENCE about 1400 vrs. to the place of beginning.
 
The property in Tuncle's deed was described as:
All that certain tract or parcel of land situated in the William P. Stapp Survey,
Abstract 944, Smith County, Texas, being out of and a part of that certain 160 acre
tract described in a Warranty Deed from Ella Neal et al to Robert Larkin, dated
January 22, 1938, and recorded in Volume 372, Page 240, of the Deed Records of
Smith County, Texas, and being more particularly described by metes and bounds as
follows:
 
BEGINNING at a ½" iron rod found for the northeast corner of said William P. Stapp
Survey, same being the northeast corner of said 160 acre tract;
 
THENCE, SOUTH, with the east line of said William P. Stapp Survey and said 160
acre tract, a distance of 1915.24 feet to a ½" iron rod set for the southeast corner of
the herein described tract;
 
THENCE, South 89°26'53" West, a distance of 381.29 feet to a ½" iron rod set for
the southwest corner of the herein described tract;
 
THENCE, North 00°05'52" West, a distance of 1915.21 feet to a ½" iron rod set for
corner in the north line of said William P. Stapp Survey, same being the north line
of said 160 acre tract; said ½" iron rod being in County Road 487, from which a ½"
iron rod set for reference bears South 00°05'52" East, 30.00 feet;
 
THENCE, North 89°26'53" East, with the north line of said Stapp Survey and said
160 acre tract, a distance of 384.56 feet to the POINT OF BEGINNING and
containing 16.836 acres of land.
 
            Tuncle's deed and Jackson's deed appear to convey title to the same parcel of land (although
Jackson's title clearly intended to convey a substantially larger land mass). Thus, the evidence before
the county court at law fairly raised a question of title as to the property at issue in the underlying
detainer suit. The county court at law (because its appellate jurisdiction is limited to the justice
court's original jurisdiction) then determined it lacked subject-matter jurisdiction to proceed further
and, on December 8, 2004, granted Jackson's motion to dismiss.
II. The Trial Court Did Not Err In Granting Jackson's Motion for New Trial
            In his first point of error, Tuncle contends the trial court erred by granting Jackson's motion
for new trial. "It is well-established in Texas that an order granting a new trial is not subject to
review, either by a direct appeal from such order or by an appeal from a final judgment rendered after
the subsequent trial on the merits, where the motion for new trial was timely filed and the trial court
granted the motion during its period of plenary power over the judgment." Wenske v. Wenske, 776
S.W.2d 779, 780 (Tex. App.—Corpus Christi 1989, no writ); see also Cummins v. Paisan Constr.
Co., 682 S.W.2d 235, 236 (Tex. 1984) ("motion for new trial is not reviewable on appeal"); Brown
v. Am. Fin. Co., 432 S.W.2d 564, 567 (Tex. App.—Dallas 1968, writ ref'd n.r.e.) (order granting new
trial nonreviewable). Accordingly, we overrule Tuncle's first point of error.
III. The Trial Court Did Not Err by Dismissing Tuncle's Suit
            In his second point of error, Tuncle contends the trial court erred by dismissing his suit for
forcible entry and detainer. A forcible entry and detainer action is not an exclusive remedy; it is
cumulative. Holcombe v. Lorino, 124 Tex. 446, 79 S.W.2d 307, 309 (1935). Suits for forcible entry
and detainer may be prosecuted concurrently with a trespass to try title claim filed with the district
court. Id.; Hartzog v. Seeger Coal Co., 163 S.W. 1055, 1059 (Tex. Civ. App.—Dallas 1914, no
writ). However, when the question of title to the property "is so integrally linked to the issue of
possession that the right to possession cannot be determined without first determining title, then the
justice courts and, on appeal, the county courts, lack jurisdiction over the matter." Gibson v. Dynegy
Midstream Servs., L.P., 138 S.W.3d 518, 522 (Tex. App.—Fort Worth 2004, no pet.) (citing
Dormady v. Dinero Land & Cattle Co., 61 S.W.3d 555, 557–58 (Tex. App.—San Antonio 2001, pet.
dism'd w.o.j.); Falcon v. Ensignia, 976 S.W.2d 336, 338 (Tex. App.—Corpus Christi 1998, no pet.);
Mitchell v. Armstrong Capital Corp., 911 S.W.2d 169, 171 (Tex. App.—Houston [1st Dist.] 1995,
writ denied)).
            The county court at law dismissed Tuncle's appeal after the court had been presented with
two different deeds, each suggesting a different party to this suit owned the property in question. 
Thus, the facts of this case are different from the typical landlord-tenant dispute over who should
possess the rental property; the parties are actually at odds over who owns the property. We
therefore conclude that the questions of title and possession are—given the facts of this case—so
integrally linked that the justice court (and also the county court at law) could not have decided
Tuncle's claims for forcible entry and detainer without first deciding Jackson's title claim. 
Accordingly, the justice court and county court at law properly dismissed Tuncle's suit for want of
jurisdiction. Cf. Gibson, 138 S.W.3d at 522 (citing Dormady, 61 S.W.3d at 557–58; Falcon, 976
S.W.2d at 338; Mitchell, 911 S.W.2d at 171)). We overrule Tuncle's second point of error.
IV. Conclusion
            We affirm the trial court's judgment.



                                                                        Jack Carter
                                                                        Justice


Date Submitted:          August 8, 2005
Date Decided:             September 14, 2005



="font-family: 'Times New Roman', serif">II.       Did the Trial Court Err by Admitting Documents Pursuant To the Business Records
Exception to the Hearsay Rule, and Was the Evidence Otherwise Sufficient To Support
the Trial Court's Revocation of Community Supervision?

            In his second point of error, Valentine contends the trial court erred by overruling his hearsay
objections to the admission of several of the State's documentary exhibits. Valentine's third point
of error challenges the sufficiency of the (properly admissible) evidence to support the trial court's
judgment. Both issues are interrelated; we will, therefore, review them together.
            Assuming, without so deciding, that the trial court erred by admitting all of the objectionable
State's documentary exhibits pursuant to the business records exception, see Tex. R. Evid. 803(6),
we would then need to determine whether Valentine was harmed by such error. See Broderick v.
State, 35 S.W.3d 67, 74 (Tex. App.—Texarkana 2000, pet. ref'd). The erroneous admission of
hearsay is nonconstitutional error, id., which will not result in reversal of a criminal conviction if the
reviewing court has fair assurance that the error did not influence the fact-finder or had but a slight
effect. Id. (citing Tex. R. App. P. 44.2(b); Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App.
1998)). 
            Even if we agree with Valentine's contention that the trial court erred by admitting the
documents over his hearsay objections, we would still need to determine whether the State's properly
admissible evidence was sufficient to support the trial court's judgment. With this in mind, we now
turn to whether any of the unobjected-to evidence supports the trial court's judgment. If the answer
to that question is "yes," then we must find that the arguably erroneous admission of the remaining
evidence had no effect, or had but a slight effect, on the trial court's judgment.
A.        The Standard of Review.
            At a community supervision revocation hearing, the trial court is the sole trier of fact and is
the final arbiter of the credibility of witnesses, as well as being the one that determines what weight
is to be given each witness' testimony. Battle v. State, 571 S.W.2d 20, 21 (Tex. Crim. App. [Panel
Op.] 1978). We review a trial court's order revoking community supervision for abuse of discretion. 
Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). "In making this determination, we
examine the evidence in a light most favorable to the verdict." In re B.J., 100 S.W.3d 448, 451 (Tex.
App.—Texarkana 2003, no pet.) (citing Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App.
1981)). 
            The standard of proof in a revocation of community supervision proceeding is
"preponderance of the evidence." Alva v. State, 797 S.W.2d 957, 958 (Tex. App.—Houston [14th
Dist.]), pet. ref'd, 799 S.W.2d 765 (Tex. Crim. App. 1990) (per curiam). "[W]hen an indictment
alleges an offense which includes a lesser one, the accused may be tried and convicted of such lesser
offense." Greer v. State, 783 S.W.2d 222, 224 (Tex. App.—Dallas 1989, no pet.). "Since an
accused may be tried and convicted of a lesser included offense other than that alleged in an
indictment, we conclude that a probationer is likewise accountable for lesser offenses included
within the offense alleged in the motion to revoke." Id. Accordingly, if the evidence is sufficient
to support a lesser offense of theft over $200,000.00, then the trial court did not err by revoking
Valentine's community supervision.
B.        The Evidence Is Sufficient To Support the Trial Court's Finding that Valentine Had
Committed the Offense of Theft.

            At the revocation hearing, Coe testified he saw Valentine and another individual steal from
the company's Lufkin offices two golf carts owned by Wesco. Valentine neither challenged this
testimony at trial, nor does he challenge that testimony on appeal. 
            In 1971, the Texas Court of Criminal Appeals reviewed a trial court's decision to revoke the
probation of Robert Thomas Barnes. See Barnes v. State, 467 S.W.2d 437 (Tex. Crim. App. 1971). 
Barnes was placed on probation for burglary of a motor vehicle in September 1969. Id. Less than
six months later, the State filed a motion to revoke Barnes' probation; the State's motion alleged
Barnes had committed a new criminal offense, which the State alternatively pled as either (a) theft
of a property (a motorcycle) valued at more than $50.00 or (b) unlawful use of a motor vehicle
valued at more than $200.00. Id. at 437–38. At the hearing on the State's motion, the trial court
found the State had satisfied its burden of proof for the motion to revoke, even though the State had
offered no evidence of the motorcycle's value. Id. at 438–40. On appeal, the Texas Court of
Criminal Appeals affirmed the trial court's judgment.
            As to the value of the motorcycle; true, the state, in the motion to revoke
probation alleged that the appellant committed felony offenses. The proof shows
only an offense against the laws of this state, i.e. the theft of a motorcycle and the
value is not shown to exceed fifty dollars. It is evident that there was "poor pleading"
or "poor proving," either of which is certainly not to be commended. Nevertheless,
we conclude that the said motorcycle had [s]ome value.
 
Id. at 440.
            In the case now on appeal, the only evidence of the monetary value of the golf carts is found
in the business records to which Valentine objected. Coe neither testified as to the current value of
these golf carts, nor did the State cross-examine Valentine regarding the carts' value. Nevertheless,
the Texas Court of Criminal Appeals' opinion in Barnes counsels that we may presume these golf
carts had "[s]ome" value. We believe, given the facts of this case, such a presumption is fair because
the record before us includes a photograph of these golf carts, and that photograph was admitted into
evidence without objection from Valentine. The photograph in question shows two E-Z-Go carts
with weatherproof tops and glass windshields, and all equipment appears to be in good condition. 
            The remainder of Coe's unobjected-to testimony regarding the golf carts is sufficient to
establish the remaining elements necessary to prove a theft of property under Tex. Pen. Code Ann.
§ 31.03 (Vernon Supp. 2004–2005) (that Valentine unlawfully appropriated property [golf carts]
belonging to Wesco). Theft of property valued at less than $50.00 is a class C misdemeanor,
punishable by a fine of up to $500.00, Tex. Pen. Code Ann. § 31.03(e)(1) (theft of property under
$50.00 is class C misdemeanor); Tex. Pen. Code Ann. § 12.23 (Vernon 2003) (punishment for class
C misdemeanor), and is a lesser-included offense of theft of property valued at greater than
$200,000.00. Cf. Watson v. State, 923 S.W.2d 829, 832 (Tex. App.—Austin 1996, pet. ref'd)
(reforming conviction to lesser-included offense based on sufficiency of evidence to prove only
class B theft rather than class A theft). 
            Based on the Texas Court of Criminal Appeals' opinion in Barnes, we hold that the State's
evidence is sufficient to support the trial court's judgment. Cf. Albritton v. State, 680 S.W.2d 80, 81
(Tex. App.—Fort Worth 1984, no pet.) (subsequent conviction for speeding sufficient basis to
revoke community supervision). Accordingly, we cannot say the trial court erred by revoking
Valentine's community supervision.
            We overrule Valentine's second and third points of error and affirm the trial court's judgment.



                                                                        Jack Carter
                                                                        Justice

Date Submitted:          January 21, 2005
Date Decided:             February 4, 2005

Do Not Publish