Floyd **FOWLER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 48502.

Court of Criminal Appeals of Texas.

June 5, 1974.

**872**

James H. Kreimeyer, Belton, for appellant.

Joe Carroll, Dist. Atty., Paul R. Reagan, Asst. Dist. Atty., Belton, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation. The appellant was convicted on February 25, 1970, for the unlawful sale of a barbituric acid derivative, a dangerous drug; punishment of imprisonment for ten years was assessed; the imposition of the sentence was suspended and the appellant was placed on probation. After hearing the State's motion the Court revoked probation on September 21, 1973, and sentence was imposed.

The appellant urges that the Court abused its discretion in revoking probation because,

"First, there is a variance between the pleading and proof as to the owner of the tires alleged to have been taken, and, secondly, the State failed to prove nonconsent of the corporation for appellant to take the tires as alleged."

The allegation in the State's amended motion for revocation upon which the order of revocation is based alleged that the appellant violated the condition of probation that he would not violate the laws of this State in that

"On or about the tenth day of June, 1973, in the County of Bell, State of Texas, [h]e did then and there fraudulently take two tires of the value of over $50 the same being the corporeal personal property of Perry Dickerson, Mr. Quick's, Harker Heights, Texas, from the possession of the said Perry Dickerson without the consent of the said Perry Dickerson with the intent to deprive the said Perry Dickerson of the value thereof, and with the intent to appropriate it to the use and benefit of him, the said Floyd Fowler."

The appellant relies upon Easley v. State, 167 Tex.Cr.R. 156, 319 S.W.2d 325 (1959). There the allegations of the indictment were that the stolen property was ". . . [t]he corporeal personal property of H. E. Butt [taken] from the possession of Burgis Edens who was holding the same for the said H. E. Butt. . . ." This Court held that the effect of that pleading was to allege the ownership of the stolen property in both the special and general owner which required proof to meet

both allegations. The State failed to prove ownership and lack of consent in the general owner, proving rather that the general owner was a corporation in which the alleged general owner was the sole stockholder. The judgment was reversed because of the variance and lack of proof.

In the case at bar we construe the allegation of the motion to revoke probation as alleging ownership in the special owner, Perry Dickerson, and not in the general owner. Proof fully supported the allegation that Perry Dickerson was a special owner and that he did not give his consent to the taking of the property. The additional allegation "Mr. Quick's" which was the popular neighborhood name for the establishment managed by Perry Dickerson, where the tires were taken, was unnecessary.[1] This additional allegation is not shown to have misled the appellant and there was no failure to give the appellant notice of the offense with which he was charged in violation of the conditions of probation.

It has been held that the pleadings of the motion to revoke probation need not strictly comply with the requirements of an indictment. See, e. g., Dempsey v. State, 496 S.W.2d 49 (Tex.Cr.App. 1973); Rhodes v. State, 491 S.W.2d 895 (Tex.Cr.App.1973); Wilcox v. State, 477 S.W.2d 900 (Tex.Cr.App.1972); Jansson v. State, 473 S.W.2d 40 (Tex.Cr.App.1971). The pleading here complies with the rule that it should fully inform the probationer so that he and his counsel will know what he will be called upon to defend against. Dempsey v. State, supra; Rhodes v. State, supra; Wilcox v. State, supra; Jansson v. State, supra.

No abuse of discretion in revoking probation is shown. The judgment is affirmed.

Opinion approved by the Court.

---

1. We are not unmindful of our recent decision in Middleton v. State, 476 S.W.2d 14 (Tex. Cr.App.1972) holding that it was unnecessary to allege that Humble Oil and Refining Company was a corporation.