Leslie **FIGGINS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. **50722.**

Court of Criminal Appeals of Texas.

Oct. 15, 1975.

Ronald E. Walker, Jr., Amarillo, for appellant.

Tom Curtis, Dist. Atty. and Bruce Sadler, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation.

Appellant pled guilty to burglary with intent to commit theft on October 17, 1974, for an offense committed July 26, 1974. His punishment was assessed at four years, probated. One of the terms of his probation was that he "voluntarily commit himself to Vernon State Drug Center for a period of time not less than six (6) months nor more than eighteen (18) months" and that he "be released only by the staff of said facility."

A motion to revoke probation was filed on January 29, 1975. This motion was amended on February 3, 1975. The amended motion alleged that the appellant did not "voluntarily participate in the Vernon Drug Center Program for a period of time not less than six (6) months" and that "the said Leslie Figgins while at the Vernon State Drug Center engaged in disruptive behavior and failed to voluntarily participate in the Vernon Drug Center Program for a period of time not less than six (6) months." A hearing on the motion to revoke was held February 12, 1975.

The appellant urges that there is a variance between the language of the motion to revoke and the language of the original condition of probation which was allegedly violated; that the motion to revoke was so vague and ambiguous as to be invalid, and that there was insufficient evidence to show that the appellant violated the terms of the probation.

Appellant first contends that because of the variance between the condition of probation and the motion to revoke probation, the State did not prove that the appellant violated any condition of probation. One condition of the appellant's probation was that he "voluntarily commit" himself to the Vernon Drug Center for a minimum period of six months. The revocation motion alleged that the appellant had violated the above condition by not *voluntarily participating* in the Vernon Drug Center program for a minimum of six months. The revocation motion also alleged that he did not participate because he had engaged in disruptive behavior while at the center.

We find that there is no variance between the conditions of probation and the motion to revoke. When the condition that the appellant "voluntarily commit" himself to the drug center is construed as a whole, it means that the appellant will not only commit himself to the center in the sense of placing himself in the custody of the center, but also that he will commit himself in the sense of taking part in the programs offered by the center. The probation condition would have been meaningless had it

only meant that the appellant stay within the confines of the drug center for a period of six months; the court could well have committed him to the confines of his own home. If the condition is to have any relevance to the appellant's probation, it must have meant that the appellant was to have participated in the drug related programs which were unique to the center.

 The appellant's second contention is that the motion to revoke probation was so vague and ambiguous as to be invalid. The pleading of a motion to revoke probation need not meet the requirements of an indictment. It is enough that the pleadings give the defendant fair notice of allegations against him so that he may prepare a defense. *Fowler v. State,* 509 S.W.2d 871 (Tex.Cr.App.1974).

 The motion meets the above requirements by specifically pointing out that the appellant did not participate in the program because he engaged in disruptive behavior and because he left the drug center before his minimum six month stay was finished.

The appellant's third contention is that, even given the sufficiency of the motion to revoke, there was not sufficient evidence to support the revocation.

 During the revocation hearing, both the appellant and Dr. Frankie E. Williams, Superintendent of the Vernon Drug Center, testified with regard to the participation of the appellant in the programs given at the Vernon Drug Center. Dr. Williams testified as to the nature of the drug program offered by the center and the course of the appellant's conduct there. According to Dr. Williams' testimony, the center engaged in psychotherapy, educational therapy, occupational therapy and chemo-therapy with the goal of redirecting the participants to a drug-free life.

Appellant testified and admitted that he engaged in disruptive activity of both a physical and a verbal nature and had done so only because of considerable pressure from his peers. The appellant testified that he had taken part in an incident in which some patients had torn a screen off a window and had broken the window to enable a boy to escape from the center. The appellant also testified that he had taken part in a wrestling match in the center's day room and was involved in throwing chairs. The appellant's testimony also indicated that he had set fire to a blanket while in seclusion. Given the overall goal of the program at the center, such behavior was contrary to voluntary participation in the program. It was undisputed that the appellant had been discharged from the center because of his lack of cooperation before his minimum six month term had ended. The trial judge is the sole trier of facts, the credibility of the witnesses and the weight to be given the testimony. *Ross v. State,* 523 S.W.2d 402 (Tex.Cr.App.1975).

We conclude that the evidence is sufficient to support the order revoking probation.

No abuse of discretion is shown. The judgment is affirmed.