**Barry Edward OTT, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–85–003–CR.**

Court of Appeals of Texas, Eastland.

May 2, 1985.

Rehearing Denied May 23, 1985.

Dick R. Crownover, Law Offices of Sam J. Chase, Abilene, for appellant.

Jorge A. Solis, Crim. Dist. Atty., Abilene, for appellee.

## Opinion

McCLOUD, Chief Justice.

This is an appeal from an order revoking probation. On April 16, 1982, the trial court convicted appellant, upon his plea of guilty, of the offense of burglary of a habitation and assessed punishment at confinement in the Texas Department of Corrections for five years. However, the imposition of sentence was suspended and appellant was placed on probation. The terms and conditions of appellant's probation were amended three different times: (1) to place appellant in the Adult Probation Office Intensive Supervision Unit; (2) to place appellant in the Stress Management Group of the Adult Probation Office; and (3) to place appellant in the Cenikor Foundation, a drug treatment program. The trial court revoked appellant's probation and imposed the original sentence of confinement for five years after finding that appellant had violated the terms and conditions of his probation.

In a probation revocation hearing, the standard of proof is by a preponderance of the evidence. *Mata v. State*, 632 S.W.2d 355 (Tex.Cr.App.1982); *Barnett v. State*, 615 S.W.2d 220 (Tex.Cr.App.1981). The trial court is the sole trier of the facts. *Barnett*, supra; *Battle v. State*, 571 S.W.2d 20 (Tex.Cr.App.1978). Appellate review of an order revoking probation is limited to the issue of whether the trial court abused its discretion. *Flournoy v. State*, 589 S.W.2d 705 (Tex.Cr.App.1979).

Appellant challenges the sufficiency of the evidence to support the trial court's finding that he violated condition "S" of his probation. Condition "S" states:

The defendant shall voluntarily commit himself to Cenikor for an indefinite period of time beginning March 1, 1984, and participate in all prescribed treatment programs at Cenikor until Director of Cenikor releases him.

The evidence establishes that Cenikor is a drug and alcohol rehabilitation and behavior modification program with a strict regimen. Participants complete the program in two to two-and-a-half years, depending on their progress. The treatment at Cenikor includes not only therapy sessions with counselors and in groups but also strict rules and guidelines for everyday living. These rules and guidelines are the main structure of the behavior modification program and are designed to change the life-style of the participants. People are terminated from the program for not following the rules and guidelines. The trial court amended appellant's probation specifically to place him in this type of program.

Vickie Rodden, Intake Manager at Cenikor, testified that appellant entered Cenikor on March 1, 1984. At that time, he was interviewed and the rules and guidelines of the program were explained to him. Mrs. Rodden testified that during his 40 days at Cenikor, appellant exhibited a "very nonconforming attitude about the program" and "wouldn't do what he was supposed to do." Twenty-four disciplinary reports for failure to follow the rules and guidelines were filed on appellant. Appellant was held over an additional ten days in the "newcomer orientation" in an effort to help appellant learn "what he was supposed to be learning" before he entered the main stream of the program. On April 4, 1984, appellant was given a termination notice

"and told that if he didn't start doing what he was supposed to, that he would be terminated." On April 10, 1984, appellant was terminated from the Cenikor program.

Appellant argues that Mrs. Rodden's testimony establishes that he both voluntarily committed himself to Cenikor and participated in the programs. We disagree.

The Court of Criminal Appeals dealt with a similar fact situation in *Figgins v. State*, 528 S.W.2d 261 (Tex.Cr.App.1975). In *Figgins*, one of the probation terms and conditions was that the defendant "voluntarily commit himself" to a specific drug treatment center. The defendant physically entered the program but established a pattern of disruptive behavior. As a result of his lack of cooperation and disruptive behavior, the defendant was discharged from the center before the completion of the program. In holding that defendant's behavior in the program did not constitute "voluntary commitment," the Court of Criminal Appeals stated:

> When the condition that the appellant "voluntarily commit" himself to the drug center is construed as a whole, it means that the appellant will not only commit himself to the center in the sense of placing himself in the custody of the center, but also that he will commit himself in the sense of taking part in the programs offered by the center. The probation condition would have been meaningless had it only meant that the appellant stay within the confines of the drug center for a period of six months; the court could well have committed him to the confines of his own home. If the condition is to have any relevance to the appellant's probation, it must have meant that the appellant was to have participated in the drug related programs which were unique to the center.

In the present case, it is undisputed that appellant "voluntarily committed" himself in the sense that he physically entered the Cenikor facility and that he "participated" in the sense that he attended every prescribed treatment program at Cenikor. However, it is also undisputed that he exhibited a "non-conforming attitude" and that he established a pattern of rule-breaking behavior which was the basis of his expulsion from Cenikor after 40 days.

 Under *Figgins*, appellant's mere physical appearance and attendance at Cenikor does not constitute compliance with the trial court's order that he "voluntarily commit" and "participate." Appellant's infractions may seem insignificant when reviewed individually. However, when viewed as a whole and in the context of the purpose of the program, they establish a pattern of behavior disruptive to the goals of the Cenikor rehabilitation program. Appellant failed to "commit" and "participate" in the Cenikor program by his pattern of disruptive behavior.

The evidence is sufficient to support the trial court's findings that appellant violated condition "S" of his probation. We hold that the trial court did not abuse its discretion.

The order revoking probation is affirmed.

RALEIGH BROWN, Justice, concurring.

I concur. I would additionally hold that "commit" means more than merely to appear or enroll. Webster's New Twentieth Century Dictionary 365 (2nd ed. 1983) defines "to commit oneself" as follows: "to speak or act in such a manner as to bind oneself to a certain line of conduct." The probation order required appellant to voluntarily "commit" himself to Cenikor, not merely to enroll in Cenikor. The trial court could have properly concluded from the evidence that appellant did not "commit" himself to the line of conduct required by Cenikor.

DICKENSON, Justice, dissenting.

I respectfully dissent. The only violation found by the trial court is that appellant violated condition "S" of the amended terms of probation. That condition required him to:

> (v)oluntarily commit himself to Cenikor for an indefinite period of time beginning

March 1, 1984, and participate in all prescribed treatment programs at Cenikor until Director of Cenikor releases him.

The State's witness, Vickie Rodden, admitted that appellant entered Cenikor on March 1, 1984, and remained there until he was "terminated" from the Cenikor program on April 10, 1984. She also admitted that he attended each treatment program which was prescribed. This establishes a literal compliance with the requirements of condition "S", supra.

The fact that appellant may have had a non-conforming attitude and that he failed to follow all of the Cenikor rules and guidelines does not show a violation of condition "S". He was not required by that condition of probation to successfully complete (as distinguished from "participate in") all prescribed treatment programs at Cenikor. As written, that condition only required him to "voluntarily commit himself to Cenikor for an indefinite period of time beginning March 1, 1984" (which the State's witness admits that he did) and "participate in all prescribed treatment programs at Cenikor until Director of Cenikor releases him" (which the State's witness also admits that he did). Consequently, he did not violate this condition of probation.

The majority follows *Figgins v. State*, 528 S.W.2d 261, 263 (Tex.Cr.App.1975). In *Figgins* the probationer left the Vernon Drug Center before his required minimum six-month stay was finished (our appellant was only required to commit himself for "an indefinite period of time"), and that probationer also engaged in disruptive behavior, e.g., breaking a window and tearing a screen off to help a boy escape, wrestling, throwing chairs and setting fire to a blanket (our appellant's infractions were for minor infractions, e.g., making eye contact with girls, talking, and leaving paper in his pants pockets when they were put in the laundry).

The order revoking probation should be reversed, and appellant's probation should be reinstated.