Timothy Dansby v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-299-CR

     TIMOTHY DANSBY,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 77th District Court
Limestone County, Texas
Trial Court # 7512-A
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      A man was placed in a substance abuse program as a condition of his placement on community
supervision. He did not follow the rules and regulations of the program and was discharged
without completing it. His community supervision was revoked and he was sentenced to seven
(7) years in prison. He complains that the trial court abused its discretion in revoking his
community supervision. We affirm the trial court’s judgment.
 

FACTUAL BACKGROUND
      In 1990, Timothy Dansby entered a plea of guilty and was convicted of the felony offense of
burglary of a habitation. Pursuant to a plea bargain, the trial court sentenced Dansby to ten years
in prison, but placed him on community supervision for ten years. His supervision was modified
three times between 1990 and 1997. In June of 1997, he was placed in a substance abuse felony
punishment facility (SAFPF). The State filed a motion to revoke Dansby’s community supervision
on June 2, 1998, alleging that Dansby had failed to successfully complete the SAFPF program as
directed by the trial court. After a hearing, the trial court revoked Dansby’s community
supervision and sentenced him to seven (7) years in prison. 
      Dansby brings one issue on appeal. He contends that the trial court erred in revoking his
community supervision. His primary complaint under this issue is that he was not ordered to
“successfully” complete the SAFPF program as alleged in the State’s motion to revoke. He also
complains that he was not allowed to complete the program because of the State’s interference in
filing the motion to revoke. Dansby cites no authority in support of his argument as is required
by the Rules of Appellate Procedure. Tex. R. App. P. 38.1(h). Despite this shortcoming and in
the interest of justice, we will review Dansby’s complaint.
STANDARD OF REVIEW
      A revocation proceeding is neither a criminal nor a civil trial, but rather an administrative
hearing. Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). Our review of an order
revoking a defendant’s community supervision is limited to whether there was an abuse of the trial
court’s discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); Brumbalow
v. State, 933 S.W.2d 298, 299 (Tex. App.—Waco 1996, pet. ref’d). In a revocation proceeding,
the State must prove by a preponderance of the evidence that a defendant violated the terms of his
community supervision. Cobb, 851 S.W.2d at 873; Brumbalow, 933 S.W.2d at 299. If the State
fails to meet this burden, the trial court abuses its discretion in issuing an order revoking the
community supervision. Cardona, 665 S.W.2d at 493.
SUCCESSFUL COMPLETION OF SAFPF
      Basically, Dansby wants us to require the State to prove with surgical precision what it alleges
in its motion to revoke when it is worded differently than the condition of community supervision. 
While it is the better practice to allege the violation in the same words as the condition of
community supervision, the law does not require such specificity.
      The last time Dansby’s community supervision was modified, the modified order provided
in part:
1. The defendant shall remain in the substance abuse felony punishment facility
established in Sec. 493.009, Government Code, and operated by the Community Justice
Assistance Division of the Texas Department of Criminal Justice for no more than one
(1) year beginning upon admittance. The defendant shall comply with all rules,
regulations and treatment programs and shall remain in such facility until discharged by
the Court.

The State, in its motion to revoke, alleged that Dansby had violated the terms of his community
supervision in that he:
1. FAILED TO COMPLETE SUBSTANCE ABUSE FELONY PUNISHMENT
FACILITY PROGRAM SUCCESSFULLY AS DIRECTED BY THE COURT.

      It is well-settled that allegations in a motion to revoke need not be made with the same
particularity as an indictment. Chacon v. State, 558 S.W.2d 874, 876 (Tex. Crim. App. 1977). 
It is enough that the pleadings give a defendant fair notice of the allegations against him so that
he may prepare a defense. Fowler v. State, 509 S.W.2d 871, 873 (Tex. Crim. App. 1974);
Figgins v. State, 528 S.W.2d 261, 263 (Tex. Crim. App. 1975). There is no dispute that Dansby
knew the specific provision of his community supervision for which the State alleged a violation. 
Thus, this portion of his argument is without merit.
THE EVIDENCE
      The evidence submitted at the revocation hearing showed that Dansby had behavioral
problems and was consistently in violation of the rules and regulations of the facility. Dansby
vacillated between “working the program”(participating in the program) and not “working” it. 
He denied his drug use and habit. He was dishonest and made frequent unsubstantiated medical
claims to avoid required chores. As one staff member stated, Dansby had a “reoccurrence of
abhorrent, inappropriate behavior.” Dansby was placed in the alternative sanctions program as
an intervention before serious consideration of a behavioral discharge. He remained an extra week
in the program because he refused to carry out required tasks and work assignments. The staff
gave Dansby extraordinary opportunities to complete the program. But with each opportunity,
Dansby managed to “come up short” and refuse to take responsibility for his non-compliance.
CONCLUSION
      As a result of his disruptive behavior and non-compliance with the facility’s rules and
regulations, Dansby was discharged from the program before he completed it. There was no
interference by the State as he alleges in his brief. His own conduct resulted in his removal from
the program. Thus, he failed to complete the terms of the program in conformity with the
modified terms of his community supervision. The trial court did not abuse its discretion in
revoking Dansby’s community supervision. His single issue is overruled. The judgment is
affirmed.


                                                             TOM GRAY
                                                             Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed November 24, 1999
Do not publish



1 );
 document.write( '
Close' );
 document.write( '' );
 }

 See Director, 889 S.W.2d at 270. Progressive met the third element of Craddock.
Conclusion
      Because Progressive met the three elements of Craddock requiring a new trial in a default
judgment case, the trial court abused its discretion in denying Progressive’s motion for new trial. 
Thus, the judgment is reversed and the cause is remanded for proceedings consistent with this
opinion.

                                                                         TOM GRAY
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Reversed and remanded 
Opinion delivered and filed December 5, 2001
Do not publish
[CV06]