NO. 07-08-0322-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 24, 2009
_____

DAVID JUSTIN WESLEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;

NO. B 3889-0408; HONORABLE ED SELF, JUDGE
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, David Justin Wesley, appeals from a judgment adjudicating him guilty of the offense of engaging in organized criminal activity and assessing his punishment at confinement in the Institutional Division of theTexas Department of Criminal Justice (ID-TDCJ) for a period of 10 years. We affirm.

## Factual and Procedural Background

On November 10, 2004, pursuant to a plea bargain, appellant entered a plea of guilty to the offense of engaging in organized criminal activity. The trial court followed the plea bargain and deferred adjudication of guilt, placing appellant on community supervision for a period of seven years. The State filed a motion to proceed with adjudication on October 6, 2006. That motion to proceed was dismissed at the request of the State on November 16, 2006. The State filed a second motion to proceed with adjudication on July 19, 2007. A hearing was held on that motion on December 19, 2007, at which time appellant was continued on deferred adjudication and his community supervision was extended for an additional three years. On February 4, 2008, the State filed the third motion to proceed with adjudication. This motion was tried on July 1, 2008, and the trial court found the allegations in the February 4, 2008, motion to proceed to be true.

In the third motion to proceed, the State alleged that appellant had violated the terms and conditions of his community supervision by committing two offenses against the laws of the State of Texas. Specifically, the State alleged that appellant intentionally and knowingly increased the amount of a prescription for a dangerous drug by altering the quantity from 6 to 60. Further, the State alleged that appellant obtained a dangerous drug by altering the prescription so that it appeared to be the act of the prescribing dentist.

At the hearing, appellant entered a plea of not true. The State presented the testimony of the prescribing dentist, Charles M. Vandiver, D.D.S., who testified he had extracted a tooth from appellant's mouth on December 3, 2007. As a result of the

extraction, Vandiver testified that he had prescribed 6 Darvocets to appellant to relieve the pain. He further testified that he signed the prescription after his assistant filled it in and after he had reviewed it. The pharmacist that filled the prescription, Joshua Moore, testified that, when the prescription was submitted for filling, it was for 60 Darvocet tablets. Moore testified that Darvocet was the trade name for propoxyphene. Moore also stated that propoxyphene is a controlled substance. The State presented the testimony of Amber Garza, the former girlfriend of appellant, who testified that, at the time the prescription was filled, she was living with appellant. On the day of the visit to the dentist, Garza traveled with appellant to the dentist's office. After the extraction, Garza took appellant to fill the prescription and appellant handed the prescription to the pharmacist. Garza denied any knowledge of the alteration of the prescription. Finally, the State presented the testimony of David Wesley, appellant's father. Wesley testified that, on the day of the tooth extraction, appellant telephoned him and advised he had altered the prescription for Darvocet to read 60, instead of 6. Appellant testified in his own behalf and denied altering the prescription.

Following the close of the evidence, the trial court found the allegations in the motion to proceed to be true. After hearing evidence regarding punishment, the trial court assessed appellant's punishment at confinement in the ID-TDCJ for a period of 10 years.

Appellant appeals the trial court's judgment contending that the: 1) trial court abused its discretion by entry of its judgment of July 1, 2008; 2) evidence was legally insufficient to prove appellant violated the terms and conditions of community supervision as alleged; 3) trial court's finding that appellant had violated the terms and conditions of community

supervision were barred by double jeopardy or collateral estoppel. We disagree with appellant and affirm the conviction.

Standard of Review

In a proceeding to revoke probation, the burden of proof is on the State to show by a preponderance of the evidence that the probationer violated a condition of probation as alleged in the motion to revoke. Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993). Proof of any one of the alleged violations is enough to support an order to revoke. Moses v. State, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979); Gobell v. State, 528 S.W.2d 223, 224 (Tex.Crim.App. 1975). The standard by which an order revoking probation is reviewed on appeal is abuse of discretion. Naquin v. State, 607 S.W.2d 583, 586 (Tex.Crim.App. 1980); Lloyd v. State, 574 S.W.2d 159, 160 (Tex.Crim.App. 1978).

When the standard of review is abuse of discretion, the record must simply contain some evidence to support the decision made by the trial court. Herald v. State, 67 S.W.3d 292, 293 (Tex.App.–Amarillo 2001, no pet.); Becker v. State, 33 S.W.3d 64, 66-67 (Tex.App.–El Paso 2000, no pet.); Brumbalow v. State, 933 S.W.2d 298, 300 (Tex.App.–Waco 1996, writ ref'd). In determining the sufficiency of the evidence, we view the evidence in the light most favorable to the trial court's ruling. Jones v. State, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979).

Article 42.12, section 5(b), of the Texas Code of Criminal Procedure was amended, effective June 15, 2007, to provide that the review of a trial court's decision to adjudicate someone placed on deferred adjudication community supervision is reviewed in the same

manner as a revocation of probation. See Acts 2007, 80th Leg., R.S., ch. 1308, § 5, 2007 Tex. Gen. Laws 4395, 4397 (current version at TEX. CRIM. PROC. CODE ANN. art. 42.12, § 5(b) (Vernon 2008)).

## Trial Court's Findings

Appellant's first contention is that the trial court erred when it stated in its judgment adjudicating guilt that, "While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's **ORIGINAL** Motion to Adjudicate Guilt . . . ." Appellant's theory is that, since more than one motion to adjudicate had been filed against appellant during the course of his community supervision, it is unclear as to which motion the trial court is addressing in the judgment.

Appellant is mistaken for there was but one live pleading before the court; the application of February 4, 2008. The record demonstrates that the trial court had dismissed the first motion to adjudicate at the State's request on the 16th of November 2006. The record further shows that the second motion to adjudicate was concluded after a hearing on the merits on December 19, 2007, at which time the court did not adjudicate appellant's guilt, instead, the trial court continued appellant on community supervision modifying the terms by extending the period for three additional years. The record indicates appellant filed no motion for new trial or otherwise attempted to appeal from the trial court's action on the second motion and, thus, it is final. See TEX. R. APP. P. 26.2.

Therefore, the only matter pending when the trial court conducted the hearing on July 1, 2008, was the motion to proceed with adjudication previously filed on February 4,

5

2008. The motion to adjudicate, filed by the State on February 4, 2008, had never been amended. The court correctly referred to it as an original motion. Accordingly, the trial court did not abuse its discretion when it referred to the State's original motion to adjudicate and found that appellant had in fact, violated the terms and conditions of community supervision as alleged. Appellant's first contention is overruled.

Legal Sufficiency of the Evidence

Appellant next contends that the evidence was legally insufficient to support the finding that appellant had violated the terms and conditions of community supervision as alleged in the State's motion to proceed with adjudication. Appellant's primary contention is centered around the date the violation is alleged to have occurred. The State's motion alleges that the appellant's action complained of occurred on or about the 3rd day of January 2008. The evidence adduced at the hearing on the motion was that the dentist visit occurred on December 3, 2007. The prescription in question was written by the dentist on that same date. Further, the prescription was filled, as altered, on December 3, 2007. It appears to be appellant's contention that the proof regarding the date of commission of the acts alleged in the motion to proceed must match the exact date alleged or the evidence is legally insufficient to support adjudication.

To support this contention, appellant cites the court to three cases. See Franks v. State, 516 S.W.2d 185 (Tex.Crim.App. 1974), Ford v. State, 488 S.W.2d 793 (Tex.Crim.App. 1972), Jones v. State, 787 S.W.2d 96, 98 (Tex.App.–Houston [1st Dist.] 1990, writ ref'd). However, each of the cases cited deal with a simple failure of proof as

to an element of the offense alleged in the application to revoke probation. None of these cases are dealing with allegations of an "on or about" date and proof of a date different.

Courts in Texas have long held that the pleading requirement for motions to revoke probation are similar to the pleading requirements of an indictment, except that the requirements are less strict than in an indictment. See Fowler v. State, 509 S.W.2d 871, 873 (Tex.Crim.App. 1974). Allegations in an indictment that an act was committed "on or about" a specific date do not require the State to prove that the offense occurred on the precise date alleged. See Sledge v. State, 953 S.W.2d 253, 256 (Tex.Crim.App. 1997). This same principle has been held to apply to the date alleged in a motion to revoke. See Chreene v. State, 691 S.W.2d 748, 750 (Tex.App.–Texarkana 1985, writ ref'd). So long as the evidence proves that the violation occurred after appellant was placed on probation and before the probation expired, the period of limitations for a probation revocation, then the evidence is sufficient to support the revocation. Id.

In the case before the court, the allegation was that the violation of the laws of the State of Texas occurred "on or about" January 3, 2008, and the proof was that they occurred on December 3, 2007. The proven date of the violation was after appellant was placed on community supervision and before the period of supervision expired. Therefore, the proof was legally sufficient to support the trial court's adjudication of appellant's guilt. Id.

## Double Jeopardy

Appellant next contends that the use of testimony concerning the allegations of violating the laws of the State of Texas on December 3, 2007, is barred by the prohibition against double jeopardy and the doctrine of collateral estoppel. Appellant's contention is based upon the fact that the violation alleged in the third motion occurred before the December 19, 2007, hearing on the second motion to proceed with adjudication. According to appellant's theory, since the State could have filed the motion to proceed before the December 19, 2007, hearing, the State is now barred from going forward.

Double jeopardy is a prohibition against a person being twice put in "legal jeopardy when he is put upon trial before a court of competent jurisdiction. . . ." See State v. Nash, 817 S.W.2d 837, 840 (Tex.App.–Amarillo 1991, writ ref'd) (citing Johnson v. State, 73 Tex.Crim. 133, 164 S.W. 833, 834 (1914)). The Texas Court of Criminal Appeals has held that the traditional notions of double jeopardy under either the federal or state constitutional protections are not controlling in revocation proceedings. See Ex parte Byrd, 752 S.W.2d 559, 564 (Tex.Crim.App. 1988). Further, the facts alleged by appellant, if taken as true, clearly place him outside the protection of the double jeopardy clause of either constitution. Appellant alleges that, on December 19, 2007, he could have been subject to a motion to proceed on the same grounds now before us, but was not. Clearly then, appellant has not been twice put in "legal jeopardy." Nash, 817 S.W.2d at 840. We, therefore, overrule so much of appellant's contention that is based upon a claim of violation of the prohibition against double jeopardy.

8

As to the contention that the July 1, 2008, hearing on the motion to proceed was subject to a claim of collateral estoppel, appellant is again in error. Collateral estoppel means that, when an issue of ultimate fact has once been determined by a valid and final judgment, the issue cannot be litigated again between the same parties in any future lawsuit. See State v. Stevens, 235 S.W.3d 736, 740 (Tex.Crim.App. 2007). Appellant bears the burden of showing that there was a final and valid judgment and that the State is attempting to re-litigate some facts which had been necessarily decided against it at the previous hearing. Nash, 817 S.W.2d at 841. The record is devoid of any facts that would meet that burden. In fact, there is nothing before the court except the assertion that the State could have conducted a hearing. From our analysis of the record, there is no showing, as required, of an ultimate issue that has been decided by a valid and final judgment. Stevens, 235 S.W.3d at 740. Therefore, appellant's contention regarding application of collateral estoppel is overruled.

## Conclusion

Having overruled appellant's issues, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.

9