02-10-068-CR
















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00068-CR 

 

 


 
 
 Douglas Ace Ward
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

------------

 

FROM THE
235th District Court OF Cooke
COUNTY

------------

MEMORANDUM
OPINION[1]

----------

          Pursuant to a plea bargain, Appellant
Douglas Ace Ward pled guilty, and the trial court convicted him of possession
of child pornography, sentenced him to ten years’ confinement, suspended imposition
of the sentence, and placed him on community supervision for ten years.  Almost four years later, the State filed a
motion to revoke Appellant’s community supervision.  After a hearing, the trial court found that
Appellant had violated two conditions of his community supervision, revoked his
community supervision, and imposed the original sentence of ten years’
confinement.  In two issues, Appellant
contends that the trial court abused its discretion and violated his rights to
due process by revoking his community supervision because the violations were
not established by a preponderance of the evidence.  Because we hold that the trial court did not
abuse its discretion by revoking Appellant’s community supervision, we affirm
the trial court’s judgment.

          In his first issue, Appellant contends
that the evidence did not establish that he failed to successfully complete a
sex offender program within three years of its inception.  We review an order revoking community
supervision under an abuse of discretion standard.[2]  In a revocation proceeding, the State must
prove by a preponderance of the evidence that the defendant violated the terms
and conditions of community supervision.[3]  The trial court is the sole judge of the
credibility of the witnesses and the weight to be given their testimony, and we
review the evidence in the light most favorable to the trial court=s
ruling.[4]  Proof by a preponderance of the evidence of
any one of the alleged
violations of the conditions of community supervision is sufficient to support
a revocation order.[5]  

          Condition No. 28 of Appellant’s
community supervision provides,

Successfully complete the Sex Offender Program within 3
years of it[]s initiation.  Furnish written proof of successful
completion to your Community Supervision Officer within 30 days of completing
the program. 

In
its motion to revoke Appellant’s community supervision, the State alleged,
among other violations, that Appellant had violated Condition No. 28 of his
community supervision.  Specifically, the
State alleged that Appellant had “failed to successfully complete the Sex
Offender Program within three years of its initiation” and that he “was
unsuccessfully discharged from treatment on September 01, 2009.”

          Probation officer Pam Camp testified
that the sex offender program was a three-year program and that Appellant was “discharged
unsuccessfully” from it “basically . . . because . . . he was continually
violating his probation by coming in contact with children in one way or the
other.  He made some type of attempt to
touch, hold a child’s hand, [and] be around a child.”  She also stated that Appellant’s counselor,
Ron Perrett, “probably . . . could speak better to
that [the issue of Appellant’s discharge from the program and failure to
complete the program successfully] than” she could.

          Ron Perrett
testified that Appellant was referred to him for sex offender treatment after
Appellant began his probation.  Perrett testified that the program is primarily
group-based, but that “[n]ear the end of his time with the program[, Appellant]
was doing individual [sessions] because [Perrett] had
gotten some complaints from some of the other group members that he was
disruptive and they felt like they weren’t getting enough focus on their issues
. . . .”

          Perrett
testified that Appellant would “tell on himself frequently” regarding
encounters with children and that the group would then “talk in some serious
terms about ways to avoid that.”  Perrett testified,

My concern is [Appellant] didn’t always say, you’re
right.  This is what I should do and this
is what I can do.  We had a lot of group
discussions where the other group members would demonstrate for him ways to
approach avoidance and ways to be successful in that in terms of no eye
contact; don’t respond if a kid says hello. 
Just ignore it and they’ll go away.

          They
talked repeatedly with him about, [Appellant], you’ve got to — you can’t play
the victim here.  You’ve got to be the
one saying, you’re right.  That’s
something I shouldn’t do and this is what I need to do about it. 

When
asked if it ever appeared that Appellant was working on the suggestions to
avoid the contacts, Perrett testified,

And that’s what finally put me at the spot of saying, you
know, I don’t know where else to go because I didn’t see that kind of progress.
. . . [Appellant] would constantly fall back into, well, what am I supposed to
do?  Well, here we go again, you know.

Perrett
said that he decided to discharge Appellant from the program after discussing
him with Camp.  Perrett
and Camp believed that Appellant “was becoming more careless, not less
careless.”  Perett
“felt like [Appellant] just wasn’t progressing.” Perrett
testified that Appellant did not complete the sex offender program and was “unsuccessfully
discharged” on September 1, 2009.

          Appellant’s arguments that the trial
court had to find that three years had elapsed since the sex offender treatment
began in order to conclude that he violated his community supervision and that
involuntary dismissal based on failure to progress does not amount to a failure
to successfully complete the program are faulty.  Condition No. 28 required successful
completion of the three-year program. 
Successful completion would necessarily require more than three years of
robotic attendance; it would require improvement.[6]  According to the evidence, Appellant did not
progress but regressed.  Appellant
therefore did not successfully complete the program as required by Condition
No. 28.  Applying the appropriate
standard of review, we hold that the trial court did not abuse its discretion
by revoking Appellant’s community supervision for violating Condition No. 28.  We therefore also hold that the trial court
did not violate Appellant’s due process rights. 
We overrule Appellant’s first issue.

          Because our resolution of his first issue
is dispositive,[7]
we do not reach Appellant’s second issue,[8] and we
affirm the trial court’s judgment.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL:  LIVINGSTON, C.J.;
DAUPHINOT and GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  December 23, 2010











[1]See Tex. R. App. P. 47.4.





[2]Rickels v. State, 202 S.W.3d 759, 763 (Tex.
Crim. App. 2006); Cardona v. State, 665 S.W.2d 492, 493 (Tex.
Crim. App. 1984); Cherry v. State, 215 S.W.3d 917, 919 (Tex. App.CFort
Worth 2007, pet. ref=d).





[3]Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); Cherry,
215 S.W.3d at 919.





[4]Cardona, 665 S.W.2d at 493; Garrett v. State, 619
S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); Cherry, 215 S.W.3d
at 919.





[5]Moore
v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); Sanchez
v. State, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); Leach
v. State, 170 S.W.3d 669, 672 (Tex. App.CFort
Worth 2005, pet. ref=d.).





[6]See Figgins
v. State, 528 S.W.2d 261, 262–63 (Tex. Crim. App. 1975); Ott v. State, 690 S.W.2d 337, 339 (Tex. App.—Eastland
1985, pet. ref’d).





[7]See
Moore, 605 S.W.2d at 926; Sanchez, 603
S.W.2d at 871; Leach, 170 S.W.3d at 672.





[8]See Tex. R. App. P. 47.1.