

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00068-CR

DOUGLAS ACE WARD                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM THE 235TH DISTRICT COURT OF COOKE COUNTY

------------

## MEMORANDUM OPINION[1]

----------

Pursuant to a plea bargain, Appellant Douglas Ace Ward pled guilty, and the trial court convicted him of possession of child pornography, sentenced him to ten years' confinement, suspended imposition of the sentence, and placed him on community supervision for ten years. Almost four years later, the State filed a motion to revoke Appellant's community supervision. After a hearing, the trial court found that Appellant had violated two conditions of his community

---

[1]See Tex. R. App. P. 47.4.

supervision, revoked his community supervision, and imposed the original sentence of ten years' confinement. In two issues, Appellant contends that the trial court abused its discretion and violated his rights to due process by revoking his community supervision because the violations were not established by a preponderance of the evidence. Because we hold that the trial court did not abuse its discretion by revoking Appellant's community supervision, we affirm the trial court's judgment.

In his first issue, Appellant contends that the evidence did not establish that he failed to successfully complete a sex offender program within three years of its inception. We review an order revoking community supervision under an abuse of discretion standard.[2] In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision.[3] The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling.[4] Proof

---

[2]*Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd).

[3]*Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Cherry*, 215 S.W.3d at 919.

[4]*Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *Cherry*, 215 S.W.3d at 919.

by a preponderance of the evidence of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order.[5]

Condition No. 28 of Appellant's community supervision provides,

Successfully complete the Sex Offender Program within 3 years of it[]s initiation. Furnish written proof of successful completion to your Community Supervision Officer within 30 days of completing the program.

In its motion to revoke Appellant's community supervision, the State alleged, among other violations, that Appellant had violated Condition No. 28 of his community supervision. Specifically, the State alleged that Appellant had "failed to successfully complete the Sex Offender Program within three years of its initiation" and that he "was unsuccessfully discharged from treatment on September 01, 2009."

Probation officer Pam Camp testified that the sex offender program was a three-year program and that Appellant was "discharged unsuccessfully" from it "basically . . . because . . . he was continually violating his probation by coming in contact with children in one way or the other. He made some type of attempt to touch, hold a child's hand, [and] be around a child." She also stated that Appellant's counselor, Ron Perrett, "probably . . . could speak better to that [the issue of Appellant's discharge from the program and failure to complete the program successfully] than" she could.

---

[5]*Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd).

Ron Perrett testified that Appellant was referred to him for sex offender treatment after Appellant began his probation.  Perrett testified that the program is primarily group-based, but that "[n]ear the end of his time with the program[, Appellant] was doing individual [sessions] because [Perrett] had gotten some complaints from some of the other group members that he was disruptive and they felt like they weren't getting enough focus on their issues . . . ."

Perrett testified that Appellant would "tell on himself frequently" regarding encounters with children and that the group would then "talk in some serious terms about ways to avoid that."  Perrett testified,

> My concern is [Appellant] didn't always say, you're right.  This is what I should do and this is what I can do.  We had a lot of group discussions where the other group members would demonstrate for him ways to approach avoidance and ways to be successful in that in terms of no eye contact; don't respond if a kid says hello.  Just ignore it and they'll go away.
>
> They talked repeatedly with him about, [Appellant], you've got to — you can't play the victim here.  You've got to be the one saying, you're right.  That's something I shouldn't do and this is what I need to do about it.

When asked if it ever appeared that Appellant was working on the suggestions to avoid the contacts, Perrett testified,

> And that's what finally put me at the spot of saying, you know, I don't know where else to go because I didn't see that kind of progress. . . . [Appellant] would constantly fall back into, well, what am I supposed to do?  Well, here we go again, you know.

Perrett said that he decided to discharge Appellant from the program after discussing him with Camp.  Perrett and Camp believed that Appellant "was

4

becoming more careless, not less careless." Perett "felt like [Appellant] just wasn't progressing." Perrett testified that Appellant did not complete the sex offender program and was "unsuccessfully discharged" on September 1, 2009.

Appellant's arguments that the trial court had to find that three years had elapsed since the sex offender treatment began in order to conclude that he violated his community supervision and that involuntary dismissal based on failure to progress does not amount to a failure to successfully complete the program are faulty. Condition No. 28 required successful completion of the three-year program. Successful completion would necessarily require more than three years of robotic attendance; it would require improvement.[6] According to the evidence, Appellant did not progress but regressed. Appellant therefore did not successfully complete the program as required by Condition No. 28. Applying the appropriate standard of review, we hold that the trial court did not abuse its discretion by revoking Appellant's community supervision for violating Condition No. 28. We therefore also hold that the trial court did not violate Appellant's due process rights. We overrule Appellant's first issue.

---

[6]*See Figgins v. State*, 528 S.W.2d 261, 262–63 (Tex. Crim. App. 1975); *Ott v. State*, 690 S.W.2d 337, 339 (Tex. App.—Eastland 1985, pet. ref'd).

5

Because our resolution of his first issue is dispositive,[7] we do not reach Appellant's second issue,[8] and we affirm the trial court's judgment.


LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 23, 2010

---

[7]*See Moore*, 605 S.W.2d at 926; *Sanchez*, 603 S.W.2d at 871; *Leach*, 170 S.W.3d at 672.

[8]*See* Tex. R. App. P. 47.1.