

# NUMBER 13-11-00651-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JUAN DANIEL LICON,                                                   **Appellant,**

**v.**

THE STATE OF TEXAS,                                                **Appellee.**

### On appeal from the 252nd District Court
### of Jefferson County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Justice Vela

Appellant, Juan Daniel Licon, appeals from an order revoking his probation and sentencing him to two years in state jail. By two issues, appellant contends that the trial court abused its discretion in revoking his probation and stacking his two-year state jail sentence on top of a possible future sentence. We affirm as modified.

# I. PROCEDURAL HISTORY

The record reflects the following. On April 10, 2003, appellant was indicted for felony theft. TEX. PENAL CODE ANN. § 31.03 (West 2011). On January 30, 2006, appellant entered into a plea agreement with the State and was placed on deferred adjudication community supervision for five years. The State filed a motion to revoke appellant's probation on February 2, 2010. On April 12, 2010, his probation was extended for two years. Due to new felony theft charges involving a vehicle stolen from a dealership, the State filed a second motion to revoke appellant's probation on July 8, 2011. Appellant's probation was revoked on September 12, 2011, and he was sentenced to two years in state jail.

# II. DISCUSSION

Appellant argues in his first issue that the trial court erred in revoking his probation because: (1) the State failed to prove material allegations in the State's amended motion to revoke; and (2) there is insufficient evidence to show that appellant committed the offense of theft as alleged. In his second issue, appellant argues that the trial court erred in ordering the stacking of his two-year sentence on top of a possible future Harris County sentence. The State concedes error on appellant's second issue because under Texas law, the trial court does not have authority to stack a sentence upon a potential sentence in a pending matter. TEX. CODE CRIM. PROC. ANN. § 42.08 (West 2009). While the trial judge orally pronounced the stacking of appellant's sentence, the written judgment in this case does not include a cumulation order. When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Coffey v. State,* 979

S.W.2d 326, 328 (Tex. Crim. App. 1998). Therefore, appellant's second issue is sustained and we modify the judgment to reflect that the sentence will run concurrently with any sentence imposed in Harris County.

## A. Standard of Review and Applicable Law

The standard of review for the revocation of a probated sentence is whether the district court abused its discretion. *Cobb v. State,* 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). A court abuses its discretion when it "applie[s] an erroneous legal standard, or when no reasonable view of the record could support [its] conclusion under the correct law and the facts viewed in the light most favorable to its legal conclusion." *Lanum v. State,* 952 S.W.2d 36, 39 (Tex. App.—San Antonio 1997, no writ) (quoting *DuBose v. State,* 915 S.W.2d 493, 497–98 (Tex. Crim. App. 1996)). The State bears the burden of proving the allegations of a motion to revoke probation and "an order revoking probation must be supported by a preponderance of the evidence; in other words, that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974).

## B. Analysis

### 1. State's Failure to Prove Material Allegations

The pleading of a motion to revoke probation need not meet the requirements of an indictment. *Figgins v. State*, 528 S.W.2d 261, 263 (Tex. Crim. App. 1975); *see Fowler v. State,* 509 S.W.2d 871, 873 (Tex. Crim. App. 1974). It is enough that the pleadings give the defendant fair notice of allegations against him so that he may prepare

a defense. *Id.* Appellant argues that the State failed to prove that the owner of the alleged stolen vehicle was Diane M. Boothe and that because the witness identified herself as "Miriam Diane Boothe," there could be two separate people involved. While the name of the owner is not a substantive element of theft, the State is required to prove, beyond a reasonable doubt, that the person alleged in the indictment is the same person. *Byrd v. State*, 336 S.W.3d 242, 252 (Tex. Crim. App. 2011). To determine whether a variance between the indictment and evidence materially prejudiced appellant's substantial rights, we must ask whether the indictment informed appellant "of the charge against him sufficiently to allow him to prepare an adequate defense at trial and would the indictment subject appellant to the risk of being prosecuted later for the same crime?" *Gollihar v. State*, 46 S.W.3d 243, 258 (Tex. Crim. App. 2001).

We find no indication that, in fact, "Diane M. Boothe" and "Miriam Diane Boothe" are separate people. Diane M. Boothe stated that her position of employment was comptroller of the dealership that owned the vehicle. As comptroller, Boothe testified that she was responsible for "all financial records, for financial statements, for making sure all cash is accounted for, that all of the inventories are correct, all the books are straight." Appellant took the stand at the hearing and stated that while Diane does not own the company, "she's the one that pretty much controls everything that goes on at that store." It is clear from the hearing testimony that the State proved that Diane M. Boothe was the representative, by virtue of her employment as comptroller, of the owner of the vehicle. Whether the witness goes by "Diane M. Boothe" or "Miriam Diane Boothe" is not material to the allegations in this case. The motion to revoke probation met the

4

requirement that appellant in this case be given fair notice of the allegations against him in order to prepare a defense and did not subject him to the risk of being prosecuted later for the same crime. *Id.*

### 2. Insufficient Evidence

The trial judge is the sole trier of facts, the credibility of the witnesses and the weight to be given the testimony. *Ross v. State*, 523 S.W.2d 402, 403 (Tex. Crim. App. 1975). Two witnesses testified at the motion to revoke probation hearing. The first witness, Boothe, identified the missing vehicle, identified appellant as a former employee, and stated that she received tips that appellant stole the vehicle. The second witness, Javier Guerrero, identified appellant as his fellow employee and as the person that he saw drive away in the vehicle in question. Guerrero also testified that appellant verbally threatened him after finding out that Guerrero "tattletaled" to Boothe and other management personnel. The judge in this case found the witnesses to be credible and their testimony to be sufficient to establish that appellant committed felony theft as alleged in the indictment. Based on the preponderance of evidence, a reasonable belief that appellant violated a condition of his probation exists. *See Scamardo,* 517 S.W.2d at 298.

Appellant's probation was conditional on his not committing any additional crime. The evidence at the revocation hearing showed that he committed another crime; therefore it is legally sufficient to support the trial court's decision to revoke appellant's probation. We overrule appellant's first issue.

### III. CONCLUSION

Finding the court did not abuse its discretion, we affirm the judgment as modified herein.

ROSE VELA
Justice

Do not publish.   TEX. R. APP. P. 47.2(b).

Delivered and filed the
12th day of July, 2012.