# NO. 12-22-00305-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GREGORY DEWAYNE BOLTON, APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Gregory Dewayne Bolton appeals following the revocation of his deferred adjudication community supervision. In one issue, Appellant argues that the trial court abused its discretion by denying his motion to quash the State's motion to adjudicate guilt because one of the allegations in the motion failed to give him sufficient notice of the nature of the violation. We affirm.

## BACKGROUND

Appellant was charged by indictment with engaging in organized criminal activity. Pursuant to a plea agreement with the State, Appellant pleaded "guilty" as charged. The trial court deferred finding Appellant "guilty" and placed him on community supervision for ten years.

Thereafter, the State filed a motion to adjudicate Appellant's guilt, in which it argued that Appellant violated certain terms and conditions of his community supervision. Specifically, the State contended that Appellant (1) failed to report as directed by the Supervision Officer on September 22, 2022, and (2) failed to abide by all of the terms in State's Exhibit P1. Appellant filed a motion to quash the State's motion regarding the allegation that he failed to abide by the

terms in Exhibit P1 and argued that this allegation is unconstitutionally vague and does not provide enough specificity for Appellant to know how he violated the condition.

On November 4, 2022, the trial court held a hearing on the State's motion to adjudicate Appellant's guilt. Before addressing that matter, however, the trial court considered his motion to quash. After considering the argument of counsel, the trial court denied Appellant's motion. Thereafter, Appellant pleaded "true" to the allegation that he failed to report and "not true" to the allegation that he violated the terms of Exhibit P1. Ultimately, after considering the evidence underlying the State's motion and the argument of counsel, the trial court found the allegations in the State's motion to be "true," revoked Appellant's community supervision, adjudicated him "guilty" of engaging in organized criminal activity, and sentenced him to imprisonment for twenty years. This appeal followed.

## MOTION TO QUASH

In his sole issue, Appellant argues that the trial court abused its discretion by denying his motion to quash the State's motion to adjudicate.

### Standard of Review

A person on community supervision is entitled to reasonable notice before the State seeks to revoke a previously suspended sentence. *See LaBelle v. State*, 720 S.W.2d 101, 108 (Tex. Crim. App. 1986); *Johnson v. State*, No. 12-05-00376-CR, 2007 WL 60767, at *1 (Tex. App.–Tyler Jan. 10, 2007, no pet.) (mem. op., not designated for publication). But the allegations made in a motion to revoke need not be as precise as would be required in an indictment, and the state is not bound by the alleged date of occurrence so long as the violation occurred after the beginning date of community supervision and before the end of the supervision period. *See Chreene v. State*, 691 S.W.2d 748, 750 (Tex. App.–Texarkana 1985, pet. ref'd) (citing *Fowler v. State*, 509 S.W.2d 871, 873 (Tex. Crim. App. 1974)). Generally, we review a trial court's decision to deny a motion to quash for an abuse of discretion. *Thomas v. State*, 621 S.W.2d 158, 163 (Tex. Crim. App. 1980); *Johnson*, 2007 WL 60767, at *1.

### Discussion

In the instant case, Appellant argues that the trial court should have granted his motion to quash because the allegation in the State's motion regarding his failure to abide by all terms in

State's Exhibit P1[1] is "unconstitutionally vague" and did not provide enough specificity for Appellant to know how he violated this condition. At the hearing, the trial court sought to explain some of the background facts, which preceded the State's filing its motion to adjudicate because Appellant's counsel at the hearing only recently had undertaken his representation of Appellant. In its explanation, the trial court stated as follows:

> So on that issue -- and obviously the record will reflect you are newish to the case. Previously, [Appellant] was represented by Mr. Bingham and Mr. Biggs. And we had -- [the prosecuting attorney] and Mr. Biggs and I had a meeting in chambers prior to this motion being filed or at about the same time it was filed. I don't remember exactly. But discussions were had regarding some more specifics of the allegations with . . . [Appellant's] then counsel, who requested, in part, that the motion to revoke be done this way in order to protect [Appellant's] interests with not having a public document outlining exactly what he was supposed to do. As far as the agreement that was done at the time, the request was in part so that, if something were worked out, there would not be a public record of what was contained in this addendum, this P-1. And so taking that into consideration and, of course, taking judicial notice of everything that got us here, I think there's enough to believe your client was put on notice as to the specific allegations . . . .
>
> . . . .
>
> Well, and I get Mr. Waldron's argument that there could be several specific small violations. But I do think this P-1 was originally sealed at the request, effectively, of [Appellant]. It remained sealed up to the time it was released to you and Mr. Waldron, at the request of [Appellant]. And this motion was drafted not to include specific language from P-1 at the request of [Appellant]. And I understand why you might be making that argument today, Mr. Waldron.
>
> But I think, you know, trying to balance -- all this was done at your client's request. To now say, "Well, you should have disclosed everything in this motion that I requested you not to disclose," it's sort of a catch-22. And I think, given the nature of the contract in P-1, given the potential risk to which [Appellant] was exposed, I think we all understand why it was sealed and why it was done this way.

The State argues that Appellant invited the error of which he now complains. The law of invited error estops a party from making an appellate error of an action he induced. *Prytash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999); *Pedraza v. State*, 69 S.W.3d 220, 224 (Tex. App.–Corpus Christi 2001, no pet.). This rule applies regardless of whether the error is perceived to be fundamental. *See Franks v. State*, 90 S.W.3d 771, 781 (Tex. App.–Fort Worth

---

[1] Exhibit P1 was filed under seal in this court. But the parties discussed the nature of the exhibit at the hearing on the State's motion on the record. Without revealing any details of the exhibit, suffice it to say that the exhibit generally consists of an agreement between Appellant and the State regarding Appellant's cooperation with law enforcement in certain matters. The portions of the reporter's record from which this can be surmised also are reproduced in Appellant's brief.

2002, no pet.); *see also* ***Cadd v. State***, 587 S.W.2d 736, 741 (Tex. Crim. App. 1979) (op. on reh'g).

Here, the trial court sought to explain to Appellant's trial counsel, who only recently was involved in the proceedings, that before the State's filing of its motion to adjudicate, the court met with Appellant's prior attorneys along with the prosecuting attorney and, at Appellant's request, the alleged violation was crafted in such a way that the nature of Appellant's agreement with the State contained in Exhibit P1 intentionally was obfuscated. The trial court took judicial notice of these facts, and, to the extent that such facts may not be an appropriate subject of judicial notice, Appellant made no objection and, therefore, failed to preserve error on that issue. *See* ***Baeza v. State***, No. 08-02-00314-CV, 2004 WL 803895, at *2 (Tex. App.–El Paso Apr. 15, 2004, no pet.) (mem. op., not designated for publication); ***Camacho v. State***, No. 02-03-00033-CR, 2003 WL 21359367, at *1 (Tex. App.–Fort Worth Jun. 12, 2003, no pet.) (mem. op., not designated for publication). Accordingly, we hold that because the record reflects that the allegation at issue was drafted in such a manner in response to and in compliance with Appellant's request, we hold that Appellant is estopped from making an appellate error of this action, which he induced.[2] *See* ***Prytash***, 3 S.W.3d at 531. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered September 6, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[2] We note that Appellant pleaded "true" to the separate allegation that he failed to report as directed. Only one sufficient ground is necessary to support a trial court's decision to revoke community supervision. ***Smith v. State***, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); ***Cazarez v. State***, 606 S.W.3d 549, 559 (Tex. App.–Houston [1st Dist.] 2020, no pet.). And a plea of "true," standing alone, generally is sufficient to support revocation. *See* ***Cazarez***, 606 S.W.3d at 559. Thus, even assuming arguendo that Appellant is not estopped under the invited error doctrine from raising his sole issue, because the trial court properly could revoke his community supervision based on his plea of "true" to a separate allegation, we cannot conclude that Appellant was harmed by the trial court's denial of his motion to quash.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 6, 2023**

**NO. 12-22-00305-CR**

**GREGORY DEWAYNE BOLTON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0560-21)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, for which execution may issue, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*